# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## State of New York.

GEORGE N. WILLIAMS, JR., Plaintiff, *v.* WILLIAM H. SAGE
and ARTHUR D. WILLIAMS, Individually and as Trustees
under a Certain Indenture of Trust Dated July 31, 1906,
Defendants.

Second Department, November 2, 1917.

Trust of personal property — life estate in income of trust property
with contingent remainders over — revocation of trust — when
consent of contingent remaindermen necessary to revocation —
infant remainderman who will take upon contingency that her
mother dies before life tenant.

Where the settlor of a trust provided that the net income of the trust property
should be paid over to his wife for life and upon her death the corpus
should be divided into as many shares as there shall be children of the
settlor's wife her surviving and that if there were issue of a child who
died before the life tenant they shall take their parent's share *per stirpes*,
said shares to be paid over to the beneficiaries at the death of the life
tenant, a minor grandchild of the life tenant whose mother is still living is
" beneficially interested " in the trust, within the meaning of section 23
of the Personal Property Law, and the trust cannot be revoked without
the consent of said infant although she will only take a share of the trust
property on the contingency that her mother dies before the life tenant.
A person taking a contingent remainder or gift over after a defeasible estate
has equally, with the owner of a vested estate, the right to enforce due
execution of the trust and, hence, the consent of such contingent bene-
ficiary is necessary to the revocation of the trust.

APP. DIV.— VOL. CLXXX.        1

Second Department, November, 1917.            [Vol. 180.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Frederick C. McLaughlin*, for the plaintiff.

*Herbert S. Schoonmaker*, for the defendants.

THOMAS, J.:

The plaintiff transferred stock to two persons in trust for the purposes determined by a writing executed in July, 1906. The plaintiff would revoke the trust and has the consent of his wife, Anna C. Williams, and of his and her three children, all of whom are of full age. But one of the children, Mrs. Malone, has a child of the age of three years. The question is whether the trust can be revoked without the consent of such grandchild. That depends upon the answer to the question, whether such grandchild is " beneficially interested " in the trust, for if she be so her consent is necessary. (Pers. Prop. Law, § 23.) The trust is " to apply the net income * * * or pay the same over to " the wife for her life, " and upon her death to divide the capital of said trust fund * * * into as many shares as will make one for each child of the said Anna C. Williams who shall survive her, and one for the issue collectively of any child of said Anna C. Williams who shall have died in her lifetime leaving issue, the share allotted to the issue collectively of any deceased child to be divided into as many shares as will make one for each of such issue *per stirpes*, * * * and as to the share allotted to any person who at the time of the death of said Anna C. Williams shall have attained full age, or who being a minor shall have been born after the execution and delivery of this instrument, to pay the same after the deduction of legal commissions thereupon to such person, but as to the share of any such person who having been born prior to the execution and delivery of this instrument shall be a minor at the time of the death of said Anna C. Williams, to retain the same until such person shall attain the full age of twenty-one years, and thereupon to pay over the same to him or her, and in the meantime to apply the net income derived from such share to the use of such person." The

plaintiff's position is, that only those having vested estates are beneficially interested, and that Mrs. Williams' three children have such vested estate and that the grandchild has no beneficial interest. I propose to discuss (1) what estates are taken, (2) what the words *beneficially interested in a trust* mean. The wife takes all the use for her life. Meantime, the *corpus* remains *in solido.* After her death the trustees should divide the fund into shares, which should equal the the number of Anna C. Williams' children living at her death, and any child that had predeceased her leaving issue surviving Anna C. Williams, and pay to, or in case of minority, hold one share for, each child, and one share for issue of a deceased child, subdividing it for each member of the class. So the property is to be divided at the death of Mrs. Williams amongst the members of only one class, the members of which may be related to her in different degrees of consanguinity. Its members may be Mrs. Williams' child or children and her grandchildren or remoter descendants, or her child or children alone, or her grandchildren alone, or all her children may die before her without leaving issue surviving her. For the present, I will assume that the children take a vested estate defeasible as to any who shall die before the life tenant, and subject to the usual admission of children born before the trust terminates. The children are interested in the trust, not, however, because of a *vested* estate or an alienable estate, but because they are beneficiaries interested in the trust. So is the child of Mrs. Malone beneficially interested. As to her the gift of one share is as if it read to Mrs. Williams for life, and payable to her daughter, Mrs. Malone, if living at Mrs. Williams' death, but if not living, to her child if living, and if neither be living, to Mrs. Williams' surviving children. I wish to consider what property interests there are in case of a trust for A (Mrs. Williams) for life, remainder to B (Mrs. Malone) if living at A's death, or if not, to B's issue then living, if not, to B's surviving children. Mrs. Malone can alienate her interest, and so could her child, save for her infancy. A purchaser of Mrs. Malone's interest would take subject to the contingency of Mrs. Malone surviving Mrs. Williams. A purchaser of the child's interest would take subject to her being the only issue surviving Mrs. Malone

at Mrs. Williams' death. Mrs. Malone or her child has no
present use of the *corpus.* Neither can assure title to a share,
because, among other things, it is not known whether either
will survive Mrs. Williams. How, then, can it be said that
Mrs. Malone is beneficially interested and that her child is
not? The only answer proferred is that Mrs. Malone is a
presumptive taker of a share, has a present vested right
subject to be defeated by her death, which in real substance
means that, if she lives, she will take in enjoyment, and if
she does not outlive Mrs. Williams and her child does, the
child will take. One contingency stands between Mrs.
Malone and absolute ownership. Two contingencies stand
between her child and absolute ownership, to wit, Mrs. Malone's
death before the life tenant, and the child surviving to the
time of distribution. Assuming that Mrs. Malone has a
vested interest in the fund, although liable to be divested by
her death (*Moore* v. *Littel,* 41 N. Y. 66; *West* v. *Burke,* 219 id.
7, 15), yet the very thing that may defeat her interest and
vest it in her child makes the child beneficially interested.
(Consider *Knowlton* v. *Atkins,* 134 N. Y. 313.) There a trust
was created by deed and declaration of trust. The grantor
left a widow and two children, and the trust was terminable
by the majority of the children, when conveyance should be
made to the children, and in case of the earlier death of both
children without issue, the conveyance should be to the widow.
It was decided that the children took a vested future estate,
defeasible by death during minority, and that the limitation
over to the widow was an estate in expectancy, limited upon
her surviving the children dying in infancy. Should it be
said in that case that the children were beneficially interested
and the widow not so interested? I think not. The widow
had an estate in expectancy and the same was alienable.
But " An expectant estate is descendible, devisable and alien-
able, in the same manner as an estate in possession." (Real
Prop. Law, § 59; *Clowe* v. *Seavey,* 208 N. Y. 496.) It cannot
be said that an expectant estate that is " descendible, devisable
and alienable " is so bodiless and void of the elements of
property as to confer no benefit on the owner of it. In
*Townshend* v. *Frommer* (125 N. Y. 446) there was a trust to
pay the income to the grantor, and at her death to convey

the lands in fee simple to her children "living at her decease, and the surviving children of such of them as may then be dead," and it was decided that there was conferred no interest in the estate during the grantor's life upon any member of the class of intended beneficiaries, and so they were not necessary parties to a foreclosure of a mortgage existing at the time of the grant. By that holding, even the children of Mrs. Williams are not beneficially interested. But the decision was not followed in *Knowlton* v. *Atkins* (*supra*), and was deemed " peculiar and anomalous " in *Campbell* v. *Stokes* (142 N. Y. 23), where it was decided that "the persons in being when the partition action was commenced, presumptively entitled to possession on the death of the life tenant, were necessary parties." But it was said the persons should be parties to a foreclosure whether the remainders were vested or contingent. For jurisdiction of the court to deal with the property, the living owners represent and stand for themselves and also for persons unborn (*Kent* v. *Church of St. Michael*, 136 N. Y. 10), but the actual question at the moment discussed is, whether the members of a class, to whom there is a future estate and in whom the property vests, subject to let in other members through birth or substitution, can by the statutory authority release the interests of those who may take through substitution. The law may of necessity or for convenience require that jurisdiction be taken only of the present members of a class, but those members may not of themselves cut off subsequent contingent takers by releasing their estates. Here persons living have a vested future estate; a person living has an alternative contingent future estate. The existing members of a class cannot by alienation cut off future members of the class. (*Harris* v. *Strodl*, 132 N. Y. 392.) I do not perceive that there is a distinction whether such future member will come in by later birth or by substitution upon the happening of an event. In *Hennessy* v. *Patterson* (85 N. Y. 91) the testator's daughter took a life estate; to her issue was given the remainder; to one Foley was given the remainder in case the daughter died without issue. Upon Foley's death his estate descended to his heirs. It could not be said that Foley was not beneficially interested in the property. It was written that,

even if the daughter took a determinable fee, the limitation to Foley was good as an executory devise. Now, would the case have been different if the daughter during Foley's life had children that did not survive her? Foley would have had a contingent remainder, descendible and alienable. That was property that gave him an interest in the estate and benefited him. The plaintiff's argument leads to this, that a person with a vested defeasible remainder has with the life tenant all the possible beneficial interest in the property, and that a contingent remainder may be disregarded. And yet the plain fact is that all of the settlor's children in the present case could not give marketable title to the property. Practically it is idle to say that any one or all of them have the title. I have assumed that the children have a defeasible vested remainder. But what have they in fact? There are three children, Grace, Harold and Helen. There is no present gift to any of them; but a mere direction upon the mother's death to divide the capital into shares so that each surviving child or her issue surviving her shall have one share. Any one of the three living children may take it all. So there are what is equivalent to three contingent cross remainders, limited upon survivorship. None of the children may live to take, and a child or children of any one of them may take it all. No child and no issue of a child may survive the life tenant. Indeed, children yet unborn may take the property. There is a gift *in futuro* to a class the membership of which cannot be known until the tenant dies, as it cannot until then be known whether Mrs. Williams' children now born or born hereafter, or any of them, will take, or their issue surviving them, or whether all will be dead at the time of division. And yet the defendant contends that the three living children have a vested estate that takes in all the beneficial interest — although that interest is a valueless thing except for speculation upon mortalities. I consider that the statute does not mean that only the consent of those having a present interest must consent to revocation of the trust; *but rather that there must be the consent of the beneficiaries interested in the trust.* The statute was not regarding the mere persons who took present title at the inception of the trust or during its continuance, but rather the persons whom, upon its due execu-

tion, the trust would benefit, and who, therefore, became interested in it. It would be the merest fiction to say that Mrs. Williams' three children and their mother combined have the title, even if there was a present gift. It would be equivalent to saying that, when a person creates a trust, he benefits and shares in the trust only those who take a vested interest, so voidable and indeed so contingent in fact that it is not marketable. The statute (§ 23) demands the consent of " persons beneficially interested in a trust," not persons with vested estates in the property. The Real Property Law (§ 100) provides that an express trust " shall vest in the trustee the legal estate, subject only to the execution of the trust, and the beneficiary shall not take any legal estate or interest in the property, but may enforce the performance of the trust." The beneficiary must be appointed to an estate in the property, but that estate need not be vested. A person taking a contingent remainder or gift over after a defeasible estate has, equally with the owner of a vested estate, the right to enforce due execution of the trust. In truth the trust is neither for Mrs. Williams' children nor their children. The one or the other may take estates, which the settlor has declared one of them shall have upon the termination of the trust. (Real Prop. Law, § 101.) In that view, Mrs. Williams, the life tenant, is required to consent. But that is not what the statute (Pers. Prop. Law, § 23) means. If the provision for the division of the property at Mrs. Williams' death cannot be executed as an express trust, it can be executed as a power in trust. (Real Prop. Law, § 99.) In that view, Mrs. Malone's child has a beneficial interest in the trust. If she has no interest in the trust, the settlor has appointed her an alternative beneficiary to whom some portion of the estate may be delivered. The judgment should be that the trust cannot be revoked without the consent of Mrs. Malone's daughter.

Judgment for defendants, without costs.

JENKS, P. J., STAPLETON, PUTNAM and BLACKMAR, JJ., concurred.

Judgment for defendants upon submission of controversy, without costs.