JAMES B. GAGE, Plaintiff, v. IRVING BANK AND TRUST COMPANY,
Formerly IRVING BANK-COLUMBIA TRUST COMPANY, Defendant.*

Supreme Court, Kings County, May 31, 1927.

Trusts — revocation — persons who would take property after death of
grantor for whom trust is created and who would take in event grantor
died intestate cannot resist revocation of trust — consent of three minor
children who would take property under trust in event grantor died
and also would take if he died intestate is not necessary to revoke trust,
under Personal Property Law, § 23.

Persons who take trust property after the death of the grantor for whose initial
benefit the trust is created and are so situated that they would take in the event
of the grantor dying intestate, do not have such a present beneficial interest in
the trust as entitles them to resist its revocation, and their consent to its revoca-
tion is not necessary under section 23 of the Personal Property Law.

Accordingly, the trust involved in this action to recover trust property is revocable
by the plaintiff, the grantor, without the consent of the three minor children,
where it not only appears that the said children are the persons who would
take in the event of plaintiff's death but that the trust provides for the same
individuals taking the property upon the death of plaintiff who would take in
the event he died intestate; the children have not acquired a present beneficial
interest entitling them to resist the revocation of the trust.

ACTION by grantor of trust to recover the trust property and
for an accounting upon the refusal by the defendant trustee to
recognize any right in the plaintiff to revoke the trust.

*David Joyce*, for the plaintiff.

*Davies, Auerbach & Cornell*, for the defendant.

CARSWELL, J. The distinction between the cases that defend-
ant relies upon and those upon which plaintiff relies seems to be
clear. Where the declaration of trust purports to accord property
to persons who would not take in the event of intestacy of the
grantor, for whose benefit the trust is otherwise created, then such
persons become possessed of a present beneficial interest in the
trust, without whose consent the trust may not be revoked. But
where the persons who are to take the property after the death of
the grantor for whose initial benefit the trust is created are indi-
viduals who would take in the event of that person dying intestate,
then those individuals who would so take do not have a present
beneficial interest in the trust that entitles them to resist a revocation
of the trust, and their consent to the revocation of the trust is
not necessary under section 23 of the Personal Property Law
(as added by Laws of 1909, chap. 247). It is undisputed in the

* *Contra*, see 222 App. Div. 92.

evidence herein that the only persons in being concerned in the matter herein are the grantor — the plaintiff herein — and three minor children. There is no evidence of any other person being concerned. That being so, the persons who would take in the event of the death of the plaintiff are the three children and the declaration of trust provides for the same individuals taking the property upon the death of the plaintiff who would take in the event he died intestate. That being the state of this record and the undisputed facts the line of cases that permits of a revocation of a trust where those who would take under the declaration of trust are the same as those who would take by operation of law, in the event of intestacy, applies herein (*Cruger* v. *Union Trust Co.*, 173 App. Div. 797, 804), and the trust is revocable by the plaintiff without the consent of the children, who have not acquired a present beneficial interest entitling them to assert opposition to such revocation. Judgment for the plaintiff. Settle findings on notice.