JAMES B. GAGE, Respondent, v. IRVING BANK AND TRUST COMPANY, Formerly IRVING BANK-COLUMBIA TRUST COMPANY, Appellant.[*]

Second Department, December 5, 1927.

Trusts — construction — plaintiff set up trust for his own benefit and provided for payment of principal upon his death " to the issue of the grantor in equal shares, per stirpes " and in default of issue principal to be paid to next of kin of plaintiff as determined by laws of State of New York — revocation — plaintiff has three infant children — children have vested remainder — trust cannot be revoked under Personal Property Law, § 23, without consent of children — consent cannot be obtained since children are infants.

The plaintiff established a trust fund for his own benefit for life and provided that upon his death the trustee should pay the principal " to the issue of the grantor in equal shares, *per stirpes*, and in default of such issue to the next of kin of the grantor as determined by the laws of the State of New York.". Neither the right to revoke the trust nor power of appointment by will was reserved. The plaintiff by using the word " issue " meant his children and children of a deceased child representing the parent. The plaintiff's infant children have a beneficial interest in the principal of the trust, and, under section 23 of the Personal Property Law, it cannot be revoked without their consent.

Accordingly, since the plaintiff's children are infants and their consent cannot be obtained, the attempted revocation by the plaintiff was without effect. KAPPER, J., dissents.

APPEAL by the defendant from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 1st day of June, 1927.

*Sydney G. Soons* [*Martin A. Schenck* with him on the brief], for the appellant.

*Ralph G. Barclay* [*David Joyce* with him on the brief], for the respondent.

HAGARTY, J. The learned trial court, by its decision and judgment, held that a trust agreement made between the appellant and respondent, dated the 25th day of May, 1926, was revocable and properly revoked, without the consent of the grantor's children, and directed the appellant to account to the respondent for the administration of the trust fund. This was upon the theory that the grantor's children had not acquired " a present beneficial interest entitling them to assert opposition to such revocation." The facts are not in dispute, and may be briefly stated as follows:

On the 25th day of May, 1926, the respondent and appellant entered into a trust agreement, under which the respondent, the grantor, transferred to the appellant a fund consisting of cash and securities, which the appellant, the trustee, agreed to invest and hold and " to pay to or apply the net income therefrom to the use of the grantor during his life, and upon his death to pay, transfer and set over the principal of said fund to the issue of the grantor in equal shares, *per stirpes*, and in default of such issue to the next of kin of the grantor as determined by the laws of the State of New York." At the time this deed of trust was made, and at the time of trial, the grantor had three infant children. Neither the right to revoke the trust nor power of appointment by will over the corpus of the estate was reserved. On the 1st day of October, 1926, the respondent grantor served a written notice upon the appellant to the effect that he had elected to terminate the trust agreement, and demanded of the trustee, the appellant, that it turn over the fund to him. The trustee declined to recognize any right in the grantor to revoke the trust, and this litigation resulted.

The claim of the appellant is that the respondent's three children are persons " beneficially interested " in the trust fund, within the meaning of section 23 of the Personal Property Law (as added by Laws of 1909, chap. 247), and that the trust cannot be terminated by the grantor in the absence of their consent, which, of course, cannot be obtained.

Section 23 of the Personal Property Law reads: " Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in

personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

The sole question presented for determination is whether or not these infant children of the grantor are beneficially interested in the trust agreement requiring their consent to justify a legal revocation of the trust agreement. The trust is to hold the principal and to apply the income to the grantor during his lifetime and, upon his death, " to pay, transfer and set over the principal of said fund to the issue of the grantor in equal shares, *per stirpes,* and in default of such issue to the next of kin of the grantor as determined by the laws of the State of New York." By the use of the word " issue," the grantor meant his children and children of a deceased child representing the parent. This construction is justified by the use of the words " *per .stirpes* " in the context, indicating that the grantor did not intend descendants of every degree of remoteness to take in equal shares *per capita.* (*Rasquin* v. *Hamersley,* 152 App. Div. 522; affd., 208 N. Y. 630; *Schmidt* v. *Jewett,* 195 id. 486; *Chwatal* v. *Schreiner,* 148 id. 683; *Soper* v. *Brown,* 136 id. 244.) So the fact that the word " issue " and not " children " was used does not change the legal aspect. Under the terms of the trust agreement, it is only in default of issue that others take by operation of law.

In *Williams* v. *Sage* (180 App. Div. 1), as here, the grantor created a life estate, upon the termination of which the corpus was to be divided into as many shares " as will make one for each child " of the life beneficiary who shall survive her, and one for the issue collectively of any child who shall have died in her lifetime leaving issue, " to be divided into as many shares as will make one for each of such issue *per stirpes.*" There was a further trust provision for certain of the remaindermen in certain contingencies. The plaintiff had the consents of his wife, the life beneficiary, and of his and her three children, all of full age. But one of the children had a child of the age of three years. This court held that the children were interested in the trust, " not, however," as Judge THOMAS wrote, " because of a vested estate or an alienable estate, but because they are beneficiaries interested in the trust." The grandchild was held to be interested because the gift of one share was payable to her if her mother predeceased her grandmother, the life beneficiary. (See, also, *Cram* v. *Walker,* 173 App. Div. 804; *Court* v. *Bankers' Trust Co.,* 221 N. Y. 608.) To the contrary would seem to be *Townshend* v. *Frommer* (125 N. Y. 446). Judge THOMAS considered that case in *Williams* v.

*Sage* (*supra*).   Concerning it he said: " In *Townshend* v. *Frommer* (125 N. Y. 446) there was a trust to pay the income to the grantor, and at her death to convey the lands in fee simple to her children ' living at her decease, and the surviving children of such of them as may then be dead,' and it was decided that there was conferred no interest in the estate during the grantor's life upon any member of the class of intended beneficiaries, and so they were not necessary parties to a foreclosure of a mortgage existing at the time of the grant.   *   *   *   But the decision was not followed in *Knowlton* v. *Atkins* (134 N. Y. 313), and was deemed ' peculiar and anomalous ' in *Campbell* v. *Stokes* (142 N. Y. 23), where it was decided that ' the persons in being when the partition action was commenced, presumptively entitled to possession on the death of the life tenant, were necessary parties.' "

In *Cruger* v. *Union Trust Co.* (173 App. Div. 797) the corpus of the trust fund, upon the death of the grantor, was to be transferred and conveyed in such manner as he might direct by his will, or, in default thereof, to pass to such persons as would be entitled to take under the laws relating to the distribution of decedents' estates. " The right to dispose of the corpus of the trust by his will," wrote the court in its opinion, " did not make anyone else beneficially interested in the trust."   This was also the distinguishing feature in *Hoskin* v. *Long Island Loan & Trust Co.* (139 App. Div. 258; affd. on opinion below, 203 N. Y. 588) and *Sperry* v. *Farmers' Loan & Trust Co.* (154 App. Div. 447).   In writing the opinion in *Hoskin* v. *Long Island Loan & Trust Co.* (*supra*), Judge BURR, having stated that the question was whether besides the plaintiff there were any persons who took any interest in the trust property by virtue of the instrument, answered: " We think that there is not.   If the instrument, after providing for the disposition of the income during the lifetime of Mrs. Hoskin, had contained no directions as to the disposition of the principal of the fund after her death, this would not be debatable.   In legal effect it does that, and nothing more.   It provides that ' upon the death of the party of the first part [Mrs. Hoskin], the whole of said fund, with any accumulations that may then remain in the hands of the party of the third part [the trustee], shall be paid over to the Executor or Administrator of the party of the first part, to be distributed according to her Last Will and Testament, or the Statutes in such case made and provided.'   But that is simply what the law would require to be done in the absence of any direction.   This instrument creates no new power of disposition to be then exercised by the trustee, but recognizes a right on the part of her executor or administrator which had not been affected

Second Department, December, 1927.    [Vol. 222

by the declaration of the quality of the estate which the trustee of the express trust therein contained would take. It names no persons to whom the principal of the fund is payable. After her death the trustee has no duty whatever as to the disposition of it."

To quote from the opinion written by Judge SCOTT in *Sperry v. Farmers' Loan & Trust Co.* (*supra*): "There certainly is no other person [than plaintiff] now in existence or who can now be identified who is so interested either presently or in future. Under the terms of the deed of trust the corpus of the trust estate is to go, at plaintiff's death, to the appointee or appointees named in her last will. Until she dies, therefore, leaving a last will, the person or persons to receive the property after her death must remain unknown and legally non-existent. The deed makes no provision as to the disposition of the estate in case the plaintiff fails to designate the person or persons to take it after her death. Of course in such an event the property would go, by operation of law, to her heirs or next of kin, *but they would take by descent and not by purchase — by virtue of their relationship to the plaintiff, and not by virtue of or under any provision of the deed of trust.* There is, therefore, no person now existent and who can be identified, save the plaintiff, who can in any proper sense be termed a beneficiary under the deed of trust, because there is no person who can claim to be entitled, after plaintiff's death, to receive the fund under the terms of the trust nor can there ever be such person except by the voluntary act of the plaintiff in *making an appointment by her last will.*"

*Whittemore* v. *Equitable Trust Co.* (162 App. Div. 607) turned upon the construction of the trust deed. It was there held that the creator merely intended to turn over the management of her securities to the defendant to relieve her of the responsibility of looking after them. She reserved to herself, with the consent of the trustee, the right to use the entire property if necessary.

It follows, therefore, that the children of the plaintiff are beneficially interested in the trust agreement. Each has a vested remainder under the terms of the trust deed, subject to open up and admit after born children, and to be divested by death without issue before the death of the respondent. The trust was not legally revoked.

The judgment should be reversed upon the law, with costs, and the complaint dismissed, with costs.

LAZANSKY, P. J., YOUNG and SEEGER, JJ., concur; KAPPER, J., dissents and votes to affirm upon opinion of Mr. Justice CARSWELL at Special Term. (Reported in 130 Misc. 890.)

Interlocutory judgment reversed upon the law, with costs, and complaint dismissed, with costs.