GEORGE J. CORBETT, Plaintiff, *v.* BANK OF NEW YORK AND TRUST COMPANY, Defendant.

First Department, June 13, 1930.

*Henry Woog,* for the plaintiff.

*George W. Martin* of counsel [*Grenville T. Emmet* and *Joseph K. Savage* with him on the brief; *Emmet, Marvin & Martin,* attorneys], for the defendant.

O'MALLEY, J. This submission of controversy involves the right of the settlor of a trust to revoke in accordance with the provisions of section 23 of the Personal Property Law (as added by Laws of 1909, chap. 247) which provides:

" Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

Under date of May 7, 1928, the plaintiff, as settlor, delivered certain securities to the defendant to hold and administer in accordance with an indenture of trust. The material provisions of this agreement directed the trustee: (1) To pay the net income to the plaintiff during his life; (2) in the event his wife survived him, to pay the income to her during life; (3) in the event she survived the plaintiff, the trust upon her death was to be terminated and the principal " paid over and distributed as said Estelle M. Corbett,

shall, by her Last Will and Testament, appoint and direct; and any part thereof not so appointed shall be paid over and distributed as if she had died the owner thereof intestate, in accordance with the then laws ·of the State of New York; " (4) in the event the wife predeceased the plaintiff, then on his death the trust was to terminate and the principal to be " paid over " and distributed as the plaintiff by his will should direct, and any part thereof not so appointed, was to be paid over and distributed as if the plaintiff had died intestate and in accordance with the then laws of the State of New York.

On April 16, 1930, the plaintiff served on the defendant a written notice of revocation and attached thereto the consent of his wife, and also of all persons who would have been the next of kin of the plaintiff, if he had died on that date; and likewise the consents of all persons who would have been the next of kin of his wife, if she had died on that date.

The trust relates to personal property only, and the question presented is whether the plaintiff when he served notice of revocation had procured the consents of all persons beneficially interested in the fund. It is urged on his behalf that he and his wife are the only persons who have any beneficial interest, as no remainder interest is created by the trust deed; and further, if there be such beneficial interest outstanding, it is only in those persons who answer the description of the next of kin of the plaintiff and of his wife at the date when the revocation was attempted and the consents procured and delivered.

The defendant trustee, on the other hand, asserts that under the rule of *Whittemore v. Equitable Trust Company* (250 N. Y. 298), the trust may not be revoked for the reason that the persons who will be the next of kin of the plaintiff and his wife upon their respective deaths, will take, if they take at all, as purchasers, and that, as the present identity of such persons is not ascertainable, their consents cannot now be procured. The case cited, however, is authority for nothing more than that the consent of all parties interested is necessary for the revocation of such a trust, and for the additional holding that those who would take as next of kin would take by way of purchase rather than by descent. We may assume without conceding that under the trust before us the next of kin of the plaintiff and his wife would take as purchasers.

In the *Whittemore* case the decision was based upon the fact that certain children then living, and who were next of kin, had not consented and could not consent to the revocation of the trust. Therefore, under the statute the trust could not be revoked as to them, at least. In the case before us all parties now interested

have consented. The *Whittemore* case did not hold that those interested as next of kin could not be determined until the death of either party, as is here contended. The implication there is to the effect that if the children had not been minors and had consented, the trust could have been revoked. Nothing contained in that decision affects the rule that it is only those who have a vested or contingent interest at the time of the revocation whose consent must be obtained. This condition has been complied with in the submission before us.

It follows that judgment should be for the plaintiff.

DOWLING, P. J., MERRELL, FINCH and SHERMAN, JJ., concur.

Judgment directed for plaintiff. Settle order on notice.