JACOB F. SCHOELLKOPF and Others, Plaintiffs, *v.* THE MARINE TRUST COMPANY OF BUFFALO, Defendant.

Fourth Department, June 27, 1934.

*Charles F. Blair*, for the plaintiffs.

*Fritz Fernow*, for the defendant.

SEARS, P. J. Section 23 of the Personal Property Law, which became effective April 23, 1909, is in the following language: " Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

The submitted controversy in this case relates to the question of whether the persons who have given written consents to the revocation of a certain trust of personal property are all the persons beneficially interested therein.

The trust was created on the 31st day of December, 1913, by a written instrument. Jacob F. Schoellkopf, who was and is a resident of Germany, one of the plaintiffs, was the creator of the trust, and the Commonwealth Trust Company was the trustee. The defendant is now the successor-trustee as a result of certain corporate mergers.

The trust instrument provides that the trust is to continue only during the lives of two named persons, Wilhelmina Schoellkopf and Jacob Schoellkopf, IV, who are not otherwise mentioned in the instrument. The income from the trust fund was to be paid by the trustees to Hermann Schoellkopf, one of the plaintiffs, during his natural life, and thereafter to Ernst Schoellkopf, another of the plaintiffs, during his natural life, and after the death of both the plaintiffs Hermann and Ernst during the continuance of the trust, the income was to be paid to the designees of the survivor of the plaintiffs Hermann and Ernst, the designation to be made by an instrument in writing, subscribed, acknowledged and delivered to the trustee, subject to revocation by the one making the designation. Then follow clauses which give rise to the controversy. They are these: " In case, however, no designation is

made by either said Hermann Schoellkopf or Ernst Schoellkopf, or in case any designation so made shall have been revoked, then such net interest, dividends and income shall be paid by the Trustee to the heirs of the party of the first part [plaintiff Jacob], *per stirpes*, and not *per capita*, until the termination of this trust. In this connection, the word ' heirs ' shall be construed to include those persons only who would be entitled to share in the distribution of personal estate under the laws of the State of New York at the time of such distribution. * * * Upon the death of the survivor of said Wilhelmina Schoellkopf and Jacob F. Schoellkopf, 4th, the trust hereby created shall cease and terminate, and the trustee shall pay over and deliver said trust estate, with all accumulations thereon * * * unto the person or persons at that time entitled to the income under the terms of this instrument."

No designation of beneficiaries to succeed to the enjoyment of the income after the deaths of Hermann and Ernst has been filed with the trustee either by Hermann or Ernst.

Hermann and Ernst are sons of the plaintiff Jacob, the creator of the trust, and there are now living in addition of Hermann and Ernst, six other sons and daughters of Jacob, as well as his wife. There is no living issue of any deceased child of the plaintiff Jacob.

The plaintiff Jacob has executed, acknowledged and delivered to the defendant, the trustee, a revocation of the trust, with a demand that the defendant pay over forthwith to or upon the order of his sons, the plaintiffs Hermann and Ernst, all the personal property and moneys held by the defendant as trustee. There also have been filed with the defendant trustee consents in due form, executed and acknowledged by the plaintiffs Hermann and Ernst, and by the wife of the plaintiff Jacob and by his six other sons and daughters, all of whom are of full age. There are now living twenty grandchildren of the plaintiff Jacob, who are children of living sons and daughters of the plaintiff Jacob, and one great grandchild who is the son of a living grandchild. Many of the twenty grandchildren, as well as the great-grandchild, are infants incapable of executing a consent, and none of those who are adults has filed a consent.

The plaintiffs contend that those who have given consents are the only persons " beneficially interested " in the trust, and that the provisions of section 23 of the Personal Property Law have been complied with and the trust legally revoked. On the other hand, the defendant contends that at least all the grandchildren and the great-grandchild of the creator of the trust are persons

beneficially interested in the trust, and that the provisions of section 23 of the Personal Property Law have not, therefore, been complied with so as to revoke the trust.

The powers of appointment given to Hermann and Ernst do not affect the question and may be disregarded. (Pers. Prop. Law, § 11; Real Prop. Law, § 41; *Crackanthorpe* v. *Sickles*, 156 App. Div. 753; *Matter of Bowers*, 195 id. 548; *Matter of Haggerty*, 128 id. 479; affd., 194 N. Y. 550.) The execution of the power would merely work a defeasance of interests otherwise vested. Disregarding the power and assuming the continuance of the trust after the deaths of Hermann and Ernst, the beneficial interest in the income after their deaths, as well as in the principal, was given under the terms of the trust instrument to the heirs of the party of the first part, *per stirpes* and not *per capita*, heirs to include those persons only who would be entitled to share in the distribution of personal estate under the laws of the State of New York at the time of such distribution. The instrument contained no provision that the trust fund should, subject to the trust, belong to the creator of the trust, or to the creator and his next of kin. No reversion remained in him. There was a complete transfer of the entire ownership of the fund to the trustee for the benefit of those named or described. The persons designated under the word " heirs " do not take by inheritance from the settlor. In the first place, they take a beneficial interest in the income during the existence of the trust itself, and afterwards in the principal also under the terms of the instrument, and secondly, the application of the word " heirs " is to be made upon the death of the two persons whose lives measure the trust without reference to the fact as to whether that may be before or after the death of the creator of the trust. We have here, then, a case of remainders following the trust estate and not a reversion, and the heirs of Jacob Schoellkopf, both as beneficiaries during the existence of the trust, and as ultimate distributees, take by purchase and not by inheritance. (*Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298; *Court* v. *Bankers' Trust Co.*, 160 N. Y. Supp. 477; affd., 172 App. Div. 955; affd., 221 N. Y. 608.) For revocation of the trust, therefore, consents must be obtained from the heirs of the settlor, giving to the word " heirs " the construction expressed in the instrument. As Hermann and Ernst, by the terms of the instrument, cannot be included within the description of heirs, the persons who now are presumptively such heirs are the wife and six other children of the creator of the trust and the four living children of Hermann, all four of whom are under age. The plaintiff Ernst has no children. Before the termination of the measuring lives, however, deaths of other children of the

creator of the trust may occur and terminate the future interests of those dying and bring into the class of heirs of the creator still other descendants of his.

I reach the conclusion, therefore, that to accomplish a revocation, the consent of all living issue of the creator of the trust, at least, is necessary. (*Whittemore* v. *Equitable Trust Co.*, *supra.*) In the cited case, a trust was created by three persons, the income to be paid to Carolyn G. Whittemore for life, and thereafter to Henry Whittemore for life, and on the death of both Carolyn and Henry, the trust estate was to be returned to the settlors unless a settlor should have died during the life of the beneficiaries, and in such case such deceased settlor's interest was disposed of by providing that such deceased settlor's share should be paid over and delivered by the trustee to such persons as the deceased settlor might appoint by his or her will, or in default of such appointment as the same would have been distributable if such deceased settlor had been the owner thereof at the time of his or her death and had died intestate. The court held that the settlors intended to make a complete disposition of their entire interests in the property forming the trust fund at the time of the execution of the instrument, and that the spouse and children or next of kin of each settlor were given a vested remainder which might be divested by the last will and testament of the settlor, but could not be divested by the deed or assignment of the settlor, and that the living presumptive distributees of each of the settlors were beneficially interested and that the consent of such presumptive distributees was essential to the revocation of the trust. It is to be noted that the presumptive distributees whose consents were held prerequisite to the revocation of the trust were not the primary remaindermen at the time of the attempted revocation, for at that time the settlors themselves were all living and were the persons named in the instrument as entitled to the fund on the termination of the trust. The settlors' consents were, however, not enough. The alternative provision, although not yet called into effectiveness by the death of any settlor, was, however, held sufficient to give a beneficial interest in the trust to such presumptive distributees. *Hussey* v. *City Bank Farmers Trust Co.* (236 App. Div. 117; affd., 261 N. Y. 533) and *Gage* v. *Irving Bank & Trust Co.* (222 App. Div. 92) are to similar effect.

In *Williams* v. *Sage* (180 App. Div. 1) a trust was created with net income to be applied to the use of the wife of the creator of the trust for her life, and, upon her death, the trust fund to be divided into as many shares as would make one for each child of the life beneficiary who should survive her, and one for the issue collectively

of any child of the life beneficiary who should have died before the life beneficiary leaving issue, and such child and grandchildren of the life beneficiary were given at once or prospectively the respective shares. The question involved was whether a child of a living child of the life beneficiary had a beneficial interest so that his consent was necessary for a revocation. It was there contended that the remainder was vested in the living children of the life beneficiary and the living children of any deceased child of the life beneficiary, and that the child of a living child had no beneficial interest. It was held, however, by the Appellate Division, Second Department, that the statute did not, by the words " beneficial interest " confine the class of persons whose consents were necessary to those having a present interest, but rather made it necessary for a revocation that there should be consents of all the beneficiaries interested in the trust. The grandchild was thus appointed by the settlor an alternative beneficiary to whom some portion of the estate might be delivered and his consent was necessary to a revocation.

*Doctor* v. *Hughes* (225 N. Y. 305); *Berlenbach* v. *Chemical Bank & Trust Co.* (235 App. Div. 170; affd., 260 N. Y. 539); *Livingston* v. *Ward* (247 id. 97); *Stella* v. *New York Trust Co.* (224 App. Div. 50) and *Hoskin* v. *Long Island Loan & Trust Co.* (139 id. 258) are cases where the heirs or next of kin did not take by purchase and had, therefore, a mere expectancy as distinguished from an estate, and are distinguishable from the instant case in this respect.

We need not determine whether the consent of all living issue of the plaintiff Jacob Schoellkopf to the revocation would be sufficient (See *Cram* v. *Walker*, 173 App. Div. 804; *Aranyi* v. *Bankers Trust Co.*, 201 id. 706) or whether, in a case where persons not yet in being may become beneficially interested, the trust is in no event revocable.

We have not overlooked the case of *Corbett* v. *Bank of New York & Trust Co.* (229 App. Div. 570), but we deem the *Whittemore Case* (250 N. Y. 298) controlling here.

Judgment should be granted in favor of the defendant, without costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Submitted controversy determined in favor of the defendant, without costs.