THE COUNTY TRUST COMPANY, Appellant, Respondent, v. LEWIS G. YOUNG and EDNA Y. OLDRIN, Respondents, Appellants, Impleaded with EDITH JOAN YOUNG, Respondent.

Second Department, May 19, 1941.

*Monroe J. Cahn,* for the appellant-respondent.

*Frank J. Nardozzi,* for the respondents-appellants.

*Bern Budd,* for the respondent.

JOHNSTON, J. The principal question presented involves the construction of section 23 of the Personal Property Law, which reads as follows:

" Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

The facts are undisputed. On July 26, 1930, Minnie E. Young created an *inter vivos* trust and appointed the Central Hanover

Bank and Trust Company and one Francis B. Upham, Jr., trustees. Under the terms of the trust indenture the trustees were directed to pay the net income of the trust property to Lewis G. Young — the settlor's son — during his life and upon his death the principal was to be paid as Lewis should validly appoint by his will or, in default of valid appointment, to the descendant or descendants of Lewis him surviving, or, in default of such descendant or descendants, to Edna Y. Brenchley (now Edna Y. Oldrin), the settlor's daughter. The settlor did not reserve the right to revoke or modify the trust indenture. On January 30, 1931, while the trustees were administering the trust, the settlor and the trustees executed a second trust indenture. The second is identical with the first, except that by the former the exercise of the trustee's powers, authority and discretion in the sale and disposition of the trust property and the investment and reinvestment of the proceeds of the sale of any of the trust property is limited to the extent that the trustees first have to obtain the approval of Lewis G. Young.

Neither Lewis nor his sister, Edna Y. Oldrin, consented in writing to the second indenture, and at the time it was executed Edith Joan Young — Lewis' only child — was eleven years old. Subsequently the trustees resigned, and plaintiff and one Humphrey J. Lynch, now deceased, were appointed substituted trustees. Following the execution of the second indenture, and after the settlor's death, the trustee (plaintiff herein) and Lewis disagreed regarding certain investments of the trust property. Thereupon the trustee instituted this action for a declaratory judgment, to determine *inter alia* the validity of the second indenture. While the action was pending Edith attained her majority and shortly thereafter, on March 13, 1940, she, her father and her aunt executed an instrument purporting to consent to and ratify the modification of the first by the second indenture. The court held that the second indenture was a partial revocation of the first within the meaning of the statute, but as Edith was an infant at the time it was executed it was ineffectual to accomplish that purpose. The court, however, held that as Edith, after she became of age, and her father and aunt executed the agreement of March 13, 1940, and as they were all the *living* persons beneficially interested in the trust, the revocation or modification of the first by the second indenture was valid.

Plaintiff appeals from the judgment in so far as it decrees that the agreement dated January 30, 1931, is a valid partial revocation of the trust indenture dated July 26, 1930, and that the instrument dated March 13, 1940, was executed by all the persons beneficially interested in the trust, and in so far as it directs payment of an allowance of $1,000 to the attorneys for respondent-appellant

Lewis G. Young and an allowance of a like amount to the attorney for respondent-appellant Edna Y. Oldrin. Respondents-appellants Lewis G. Young and Edna Y. Oldrin appeal from that part of the judgment which decrees that the right reposed in Lewis G. Young to pass upon sales of the trust property and proposed new investments shall be subject to judicial control. They also appealed from that part of the judgment which directed payment of an allowance of $2,000 to plaintiff's attorney, but on the argument that part of the appeal was withdrawn.

Both indentures were executed by the same parties and under each the same property was transferred to the same trustees and the same beneficiaries take under the same conditions. Therefore, while the settlor, by executing the second indenture, did not technically revoke the first, she modified it. Whether the second indenture was a revocation or modification of the first is unimportant, for the same principles are applicable to the modification as are applicable to the revocation of a trust. (3 Scott on Trusts, § 331.) While strictly speaking the settlor did not expressly recall a power or authority conferred on the trustees, she clearly divested them of their exclusive discretion in the sale, disposition and investment of the trust property by making the exercise of their discretion subject to the approval of Lewis. By so doing she converted her designated trustees into mere custodians and thus enabled Lewis to affect the value of the trust property which may pass to the remaindermen. By executing the second indenture the settlor, in effect, appointed Lewis a trustee. This, in the absence of a reserved power to alter the trust, the settlor may not do. But, assuming the effect of the second indenture is not to appoint Lewis a trustee, it nevertheless is invalid because it was executed without the consent of all the persons beneficially interested in the trust.

Edith Joan Young was a minor at the time the second indenture was executed. Her consent was necessary but could not be had by reason of her infancy. Moreover, Lewis G. Young might leave him surviving other descendants yet unborn. They have an interest in the trust. True, if Lewis exercises his power of appointment that will preclude a devolution of the trust property to them; but their interest in the trust is derived not from Lewis by succession or otherwise, but directly from the trust instrument. Who will be Lewis' descendants cannot be determined until the contingency occurs upon which distribution of the principal is to be made; but all his descendants have a " beneficial right derived from the trust instrument, and * * * a beneficial interest in the trust which cannot be destroyed without their consent." (*Schoellkopf* v. *Marine Trust Co.*, 267 N. Y. 358, 363.) The statute

does not mean, as the learned Special Term held, that the consents only of those in being are necessary but, rather, that there must be the consents of all those beneficially interested in the trust. (*Williams* v. *Sage*, 180 App. Div. 1. See, also, Restatement, Trusts, § 338.) For the same reason, the instrument executed on March 13, 1940, by all the *living* persons beneficially interested in the trust, by which they purported to consent to the modification of the first by the second indenture, was ineffectual.

Whether a trust is in no event revocable where persons not yet in being may become beneficially interested, has not been decided by the Court of Appeals. That court, however, has defined who are persons " beneficially interested in a trust " within the meaning of section 23 of the Personal Property Law. In *Schoellkopf* v. *Marine Trust Co.* (*supra*, p. 362) the present Chief Judge said: "Any person who under the terms of the instrument has a right, whether present or future, whether vested or contingent, to income or principal of the trust fund, has a beneficial interest in the trust. \* \* \* Any right given by the trust instrument to receive a benefit from the trust in some contingency is a ' beneficial interest ' in the trust."

In the light of the construction of the statute in the case just cited, I believe it must be held that the second indenture was insufficient and the agreement of March 13, 1940, was ineffectual to accomplish either a revocation or modification of the original trust indenture.

I recognize that in three cases (*Corbett* v. *Bank of New York & Trust Co.*, 229 App. Div. 570; *Thatcher* v. *Empire Trust Co.*, 243 id. 430, and *Beam* v. *Central Hanover Bank & Trust Co.*, 248 id. 182), all relied upon by defendants, the First Department has held that under section 23 of the Personal Property Law the consents only of the persons in being are required; but in my opinion the holdings in those cases must yield to the persuasive dictum in *Schoellkopf* v. *Marine Trust Co.* (*supra*), recently reiterated in *Engel* v. *Guaranty Trust Co.* (280 N. Y. 43).

The remaining question concerns the allowances to respondents-appellants' attorneys. The court was without power to make these allowances and direct that they be paid out of the principal of the trust. (*Savage* v. *Sherman*, 87 N. Y. 277, 284, 285; *Matter of Loomis*, 273 id. 76, 81.)

The judgment, in so far as appealed from by plaintiff, should be reversed on the law, with costs payable by the respondents-appellants personally, and judgment should be directed in accordance with this opinion, without costs.

In view of the foregoing, the appeal by respondents-appellants should be dismissed, without costs.

Findings of fact and conclusions of law inconsistent herewith should be reversed and new findings made.

LAZANSKY, P. J., HAGARTY and ADEL, JJ., concur; CARSWELL, J., in memorandum, dissents, except as to striking out allowances to respondents-appellants' attorneys, and votes to modify the judgment by deleting said allowances, and, as thus modified, to affirm the judgment.

CARSWELL, J. (dissenting). Whether the second indenture was a revocation rather than a modification of the first indenture is of no practical importance herein. The minor change related only to the manner of administration of the trust, and was of a character that did not affect in any wise a property right of unborn contingent beneficiaries. The change in manner of administration left untouched the extent to which a possible enjoyment of property might devolve to such unborn.

Giving effect to a consent executed under section 23 of the Personal Property Law by all persons in being beneficially interested to a change in the indenture, which is not of a material character, does not affect any property right of an unborn beneficiary.

Accordingly, sustaining the validity of the second indenture, based on this consent, invades no property right or advantage of an unborn beneficiary, and as to such the change in the second instrument effects or generates no invalidity. The degree of practical importance of the contention of the appellant is further lessened by the fact that Lewis G. Young may exercise his power of appointment and preclude devolution of the property to such unborn.

Judgment, in so far as appealed from by plaintiff, reversed on the law, with costs payable by respondents-appellants personally, and judgment directed in accordance with opinion by JOHNSTON, J., without costs.

In view of the foregoing, the appeal by respondents-appellants is dismissed, without costs.

Findings of fact and conclusions of law inconsistent herewith are reversed and new findings will be made.

Settle order on notice.