Samuel Kalm v. Commissioner.
Kalm v. Commissioner
Docket No. 8085.
United States Tax Court
1946 Tax Ct. Memo LEXIS 106; 5 T.C.M. (CCH) 728; T.C.M. (RIA) 46203; August 14, 1946
Abraham J. Briloff, C.P.A., 347 Madison Ave., New York 17, N. Y., for the petitioner. Fred R. Tansill, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: This is an application for a redetermination of a deficiency declared by the Commissioner in petitioner's income tax return for the year 1941 in the sum of $532.69. The question is as to whether a long term capital loss resulting from the sale of property purchased by petitioner's funds but conveyed to petitioner's wife as trustee for petitioner's daughter, shall be allowed as a deduction against the income of petitioner. Findings of Fact Petitioner is a resident of Brooklyn, New York, who filed his personal income tax return for the taxable year 1941 with the collector of internal revenue for the first district of New York *107 at Brooklyn, N. Y.
On or about September 12, 1930, petitioner purchased at par from his own funds a mortgage certificate marked #16, Series 101277-T, from the Lawyers Mortgage Company, New York City, in the face amount of $5,000. Petitioner by letter instructed Lawyers Mortgage Company to inscribe on the face of the mortgage certificate "Bertha Kalm in trust for Rene Kalm, an infant." Bertha Kalm was and is petitioner's wife and Rene Kalm was and is petitioner's daughter who in 1930 was 13 years of age. Said certificate was delivered to and received by Bertha Kalm and interest certificates in 1930, 1931 and 1933 were paid to Bertha Kalm in the total amount of $331.94. These funds were mingled by the trustee with family funds and spent for family purposes. Bertha Kalm filed no fiduciary returns showing the receipt of this income and petitioner's returns for 1930, 1931 and 1933 do not reflect the receipt of this interest, although, if shown, petitioner's income tax liability would not have been affected. On December 9, 1941, said mortgage certificates were sold by Bertha Kalm for $400. This money was paid by the purchaser in a check made payable to Bertha Kalm. It was endorsed *108 by Bertha Kalm and delivered to petitioner who used the proceeds of the same in his business. A long term capital loss resulted from the sale of this certificate in the amount of $4,600, fifty percent of which petitioner claimed as a deduction in his individual income tax return. Opinion The decision of this case turns wholly upon the question as to whether or not Samuel Kalm, by having this trust certificate placed in the name of his wife, Bertha Kalm, in trust for their infant daughter without any rights or limitations or without reserving to himself verbally or otherwise any factors of control over the property, created an irrevocable trust. If the trust is irrevocable Samuel Kalm could neither claim to himself a gain nor assert for himself a loss from the sale of the corpus of the trust. Such gain or loss would inure to the trustee or the beneficiary as the case might be. This trust agreement was made in the State of New York. Its nature would be controlled, as would any other contract, by the laws of the State of New York. In two specific cases, Schoellkopf v. Marine Trust Co. of Buffalo, 196 N.E. 288, aff'd. 272 N.Y.S. 613, and Tiber v. Heller, 17 N.Y.S. (2d) 59, *109 the courts of New York have held that personal property, transferred to a trustee without limitation on the grant and without any reservation of control in the trustor, is held by the trustee as an irrevocable trust. Section 23 of the New York Personal Property Law provides that irrevocable trusts of personal property cannot be changed to a revocable trust without the written consent of all of the parties interested in the trust. In the case at bar there is no contention by the petitioner that such written consent has ever occurred. Petitioner herein contends that he created this trust to keep from himself the possibility that he might use this certificate for some unwise investment. At the trial of this case the following colloquy occurred between petitioner and his attorney: Q. Well, you did it so that by no possibility could you get access to it in the event you would want to reinvest it yourself, is that right? A. That is right. Q. Yes, you turned it over absolutely to your wife so that under no conditions could you get at the corpus of that trust? A. That is correct. It is difficult to see how petitioner in 1930 desired to have this property completely beyond his control *110 for investment purposes and then in 1941 when a loss had occurred he could claim that loss for himself. Petitioner's wife, the trustee, in an affidavit read into the record, stated it to have been her impression that the property was turned over to her so as to get it beyond the reach of her husband's creditors. Whichever story we believe, whether the trust was created to keep the trustor from having any control over the property, or whether it was created to keep the trustor's creditors from having access to the property, in either event it would be necessary for the title to the property to vest absolutely and irrevocably in the trustee. Petitioner cites a number of cases in which the courts interpret terms of limitation on the trust and have decided that the trusts were not irrevocable. All of these cases are inapplicable to the case at bar because the case at bar leaves no opening for interpretation. The facts are all admitted and the only question left is what do these facts constitute under the law of New York. Petitioner has testified that the purpose of this trust was to create a fund to give his daughter a college education. It was not to give her a high school education, *111 nor to give her support during her period of infancy. It was not for the discharge of a legal obligation on the petitioner as settlor of the trust, but, even if a college education during years of minority could be construed as a legal obligation on the parent, in 1941 the beneficiary of this trust was well beyond her years of infancy. For the above reasons the capital loss resulting from the sale of the corpus of the trust is not a deductible loss which can be claimed by the petitioner. Judgment will be entered for the respondent.