HENRY WHITTEMORE et al., Respondents, *v.* THE EQUITABLE TRUST COMPANY OF NEW YORK, Appellant.

(Argued January 16, 1929; decided February 13, 1929.)

*Harrison Tweed* for appellant. The presumption relied upon to create a reversion in real property instead of a remainder should not be applied to personal property. (*Pillet* v. *London*, 19 Atl. Rep. 25; *King* v. *New York Trust Co.*, 122 Atl. Rep. 227; *Mercer* v. *Safe Deposit & Trust Co.*, 45 Atl. Rep. 865; *Gray* v. *Union Trust Co.*, 154 Pac. Rep. 306; *New Jersey Title Guaranty & Trust Co.* v. *Parker*, 93 Atl. Rep. 196; *Sands* v. *Old Colony Trust Co.*, 81 N. E. Rep. 300; *Nightingale* v. *Nightingale*, 13 R. I. 113; *Hobbie* v. *Ogden*, 178 Ill. 357.)

*William J. Rapp* for respondents. The ruling law on the point in issue is well settled and authoritative; and it unequivocally supports the Appellate Division's unanimous decision that this trust has been duly revoked. (*Whittemore* v. *Equitable Trust Co.*, 162 App. Div. 607; *Cruger* v. *Union Trust Co.*, 173 App. Div. 797; *Doctor* v. *Hughes*, 225 N. Y. 305.) The plaintiffs are the only persons beneficially interested in this trust and the trust deed was, therefore, revoked by the service of the notification in accordance with section 23 of the Personal Property Law. (*Robinson* v. *N. Y. Life Insurance & Trust Co.*, 75 Misc. Rep. 361.) There is no intention on the part of the settlors evinced anywhere in the trust deed to divest themselves of any part of their estate, or transfer it to their heirs. (*Doctor* v. *Hughes*, 225 N. Y. 305.)

CRANE, J. The plaintiffs have had judgment on a submitted controversy revoking a deed of trust. The defendant trustee has appealed, insisting that there are vested interests which have not consented to the evocation. Section 23 of the Personal Property Law (Cons.

Laws, ch. 41) states when a trust in personal property may be revoked    It reads:

" Upon the written consent of all the persons beneficially inte ested in a .trust in personal property or any part thereof heretofore or hereafter created, the creator. of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

All the adult parties to the deed of trust have consented to the revocation; the children of the settlors, however, being minors, have not and could not consent. The trustee claims that these children are beneficially interested in the trust and that it, therefore, cannot be revoked as has been attempted in this case.

The trust deed, dated December 27, 1921, by Elizabeth L. Wilson, Carolyn W. Quarles and Henry Whittemore, Jr., transferred certain bonds to the Equitable Trust Company to hold and to collect and pay the income to Carolyn G. Whittemore during her natural life, and at her death to her husband, Henry Whittemore, during his life. Upon the death of these two life beneficiaries, the trust estate is to be returned to the settlors in equal shares. If this was the end of the trust agreement, there would be no difficulty. The creators of the trust would simply have transferred a life interest, reserving all other interest in themselves, which could be disposed of by them at any time. Under such conditions, Henry Whittemore, one of the life beneficiaries, having died, the revocation in this case would be perfectly good, as it was executed by the three settlors of the trust and the remaining life beneficiary, Carolyn G. Whittemore.

The interest, if any, of the infant children, however, arises because of other provisions in the trust agreement. Henry Whittemore, Jr., one of the three settlors, is a bachelor. Elizabeth L. Wilson has a husband and three minor children; Carolyn W. Quarles has a husband and two minor children. The trust instrument refers to the

children. On the death of the remaining life beneficiary the property, as above stated, is to be returned to the settlors in equal shares. But if one of the settlors has died before the life beneficiary, then that settlor's interest is disposed of as follows:

" Provided, however, that if any of them be then dead, the part of the net principal of the Trust Estate which would have been paid over and delivered to him or her if he or she had survived shall be paid over and delivered to such person or persons, and in such shares, interests and proportions, as such deceased Settlor, by his or her last will and testament, shall have appointed, or, in default of such appointment, to such person or persons, and in such shares, interests and proportions, as the same would have been distributable if such deceased Settlor had been the owner thereof at the time of his or her death and had died intestate."

To be perspicuous I shall refer to the creators of the trust as the settlor, one person.

Taking this agreement in its simplest form, we have a trust created in personal property for the life of the beneficiary. At the death of the life beneficiary, the trustee is directed to do one of three things: pay the principal of the estate to the settlor, if he be alive; or, if he be dead, to pay it as directed in the settlor's last will and testament; or, if the settlor leave no will, to pay it to the persons who would then take under the Statute of Distributions. No provision is made to pay the principal of the trust estate to the grantee or assignee of the settlor.

Why should not this trust agreement be interpreted as it reads? What reason is there for giving it a legal construction just the opposite to its natural meaning? The settlor, in case of death without a will, gives the principal of the trust estate to his next of kin. In this case, if one of the married settlors should presently die, the trust deed directs the trustee upon the death of the life beneficiary, to pay one-third of the trust estate to the husband

of the settlor and her children. Reading the instrument as a whole, it is apparent that the settlor intended to make a complete disposition of all the estate at the time of the making of the instrument, and did so in the way indicated. The children or next of kin were given a vested remainder, which might be divested by the last will and testament of the settlor; it could not be divested by the deed or assignment of the settlor. In other words, if the settlor, believing he had not conveyed away all of his interests in the property, had attempted to assign or transfer in his lifetime that which he thought he still possessed, and which in law we call a reversion, the deed or transfer would be ineffectual as against his children. Their interest as next of kin could only be divested or cut off by a last will and testament. That such an uncertain or variable interest of the next of kin is alienable, see *Campbell* v. *Stokes* (142 N. Y. 23); *Moore* v. *Littel* (41 N. Y. 66).

If the provision in the deed of trust by the use of the same words had given the principal to the next of kin of the life beneficiary instead of to the next of kin of the settlor, such persons would have taken a remainder by purchase. (Real Property Law [Cons. Laws, ch. 50], section 54; Personal Property Law, section 11.) Even without these statutes such has been held to be the case. (*Sands* v. *Old Colony Trust Co.*, 195 Mass. 575.) The same rule, in my judgment, should apply in the one case as in the other. In such circumstances, where it fairly appears that intention would be promoted by that construction, words which create a remainder in the next of kin of the life beneficiary should also create a remainder in the next of kin of the settlor of the trust when the provision is for them. This is all a matter of intention. The creator of a trust can do as he pleases with his property and the courts look to his words to guide them in decisions. The directions come from the owner of the property and not from the law, unless there be some specific statute to be

enforced.   To determine, therefore, whether the settlor of the trust in this case simply created a life interest and nothing more, reserving to himself the balance of the interest in the property, we looked to his intention, as expressed in the instrument.   If the trust deed had said that upon the death of the life beneficiary the net principal of the trust estate was to be paid over and delivered to the settlor or his next of kin in equal shares, the addition in this place of the words " next of kin," would not have been sufficient in all probability to create a remainder.   Rather it would indicate that the  settlor intended all above a life interest to remain with him as a reversion to be disposed of in any way he pleased.   The words would indicate a limitation, not a gift.   (*Whittemore* v. *Equitable Trust Co.*, 162 App. Div. 607; *Doctor* v. *Hughes*, 225 N. Y. 305.) But that is not this case.   Here we have something more. The settlor, as above stated, makes rather full and formal disposition of the principal of the trust estate in case he dies before the life beneficiary.   The words used, as already explained, indicate an intention to give a remainder to the spouse and children, as the case may be, subject to change by the settlor's will.   The creator of the trust reserves power of disposition only by will; he does something more than merely set up a trust for a life beneficiary; he disposes of the property at the termination of the life interests in case of his previous death.   This case is similar to *Crackanthorpe* v. *Sickles* (156 App. Div. 753) and *Court* v. *Bankers' Trust Co.* (160 N. Y. Supp. 477).   (See, also, *Gray* v. *Union Trust Co. of San Francisco*, 171 Cal. 637; *Mercer* v. *Safe Deposit & Trust Co.*, 91 Md. 102.)

The judgment below should, therefore, be reversed, and judgment directed for the defendant, with costs in this court.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment reversed, etc.