JOSEPH B. MAYER, Plaintiff, *v.* THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Defendant.

Supreme Court, New York County, May 14, 1932.

*White & Case* [*David Paine, Chester Bordeau, Crison S. Marden* of counsel], for the plaintiff.

*Milbank, Tweed, Hope & Webb* [*Harrison Tweed* of counsel], for the defendant.

LEVY, J. In this action brought by plaintiff, settlor, against his trustee to compel the latter to recognize the revocation of a trust, the defendant moves, pursuant to rule 102 of the Rules of Civil Practice, to implead certain additional parties. The action is to revoke a voluntary trust, by the terms of which the present

defendant accepted the grant of certain funds to be held for the benefit of the settlor's daughter, Eugenie Marion Grimes, the income to be paid monthly to her and half the principal on January 1, 1931, half the balance on May 27, 1940, and the remainder on May 27, 1945. In case she dies before, the principal is payable to the settlor, or if he is not living, to appointees under her will. If she leaves none, it is payable to the settlor's next of kin under the statute of distribution existing at the time of the death of the daughter. Plaintiff contends that the daughter is the sole beneficiary, and as she has consented to the revocation, it is quite unnecessary to bring in any other parties.

It appears from the papers that an unmarried son and a grandson are, besides the named beneficiary, the settlor's next of kin. Defendant urges that they should be named as parties defendant, and in addition a representative of another contingent class, reflecting the afterborn next of kin, and a representative of the beneficiary's appointees. Unless the contention of the defendant is frivolous or without foundation, it indeed should not be disposed of summarily, and the entire action thus practically ended by a decision denying the application.

The trust instrument sought to be revoked bears strong analogy to the one in *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298). If it is similar, then plaintiff is under the duty to obtain the consent of others besides that of his daughter. Plaintiff, however, urges many distinguishable features, which would render the indenture revocable without the consent of those sought to be impleaded. Manifestly, it would be unfair to bar the others from important rights, perhaps without permitting them to urge their claims on the merits in opposition to what appear to be the able arguments of the plaintiff. The son, the daughter and the grandson would thus seem to be proper parties, likewise a representative of afterborn next of kin of the settlor. No representative of the daughter's possible appointees, in the circumstances here disclosed, is required, since her consent to the revocation would appear effectively to bar any such appointees under her will.

The motion is, therefore, granted to the extent indicated. Settle order providing for the appointment of a guardian *ad litem* to represent the contingent interests of the afterborn next of kin.