JOHN U. HUSSEY and Another, Plaintiffs, *v.* CITY BANK FARMERS TRUST COMPANY, Defendant.

First Department, July 1, 1932.

R. S. Nichols of counsel [*Nichols & Snevily*, attorneys], for the plaintiffs.

*Edward M. Cameron, Jr.*, of counsel [*Taylor, Blanc, Capron & Marsh*, attorneys], for the defendant.

O'MALLEY, J. The essential facts contained in the submission are set forth in the opinion of Mr. Justice MARTIN. I am unable to agree with his conclusion and am·of opinion that the defendant should have judgment. The case is in no sense distinguishable in principle from the decision of the Court of Appeals in *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298). In that case the deed creating a trust in personal property for the life of a beneficiary provided that at the death of the life beneficiary the trustee was to pay the principal of the estate to the settlor if he be alive, or if he be dead, to pay it as directed in his last will and testament, or if he left no will, to pay it to the persons who would then take under the Statute of Distributions. The court held that the trust agreement was to be interpreted as it read; that the minor children of the settlor were given a vested remainder subject only to divestment by the last will and testament of the settlor, and that it could not be divested by the deed or assignment of the settlor. It was further held that the settlor did not simply create a life estate and nothing more, reserving to himself the balance of the interest in the property, but that he made full and formal distribution of the principal in case of his death. The words used, it was held, indicated an intention to make a remainder to the children, subject to change by the settlor's will, and that he· did something more than merely to set up a trust for a life beneficiary for he disposed of the property at the termination of the life interest in case of his previous death.

I am of opinion, therefore, that under the trust deed in the case before us those parties who, it is stipulated, would be the next of

kin if the settlor should now die, receive a vested interest which may not be divested without their consent. This conclusion is in conformity with the decision of this court in *Corbett* v. *Bank of New York & Trust Co.* (229 App. Div. 570). In that case, *Whittemore* v. *Equitable Trust Co.* (*supra*) was also interpreted as granting a remainder interest to those who would have been next of kin at the time the trust was sought to be revoked. This court permitted such revocation only because all of such persons having the vested remainder had consented to such revocation.

It is immaterial that the trust agreement provides that the next of kin of the settlor shall be determined by the laws of the State where he might reside at the time of his death. The rights of the parties in the premises are to be determined as of the date of the application for revocation. The settlor now resides in the State of Massachusetts and it is stipulated that the parties not consenting would be next of kin at the present time in such jurisdiction.

It follows, therefore, that judgment should be directed for the defendant, with costs.

FINCH, P. J., MERRELL and TOWNLEY, JJ., concur; MARTIN, J., dissents.

MARTIN, J. (dissenting). The parties to this action have submitted an agreed statement of facts under the provisions of sections 546–548 of the Civil Practice Act, and have requested an adjudication thereon.

On December 28, 1899, the plaintiff John U. Hussey and the Farmers' Loan and Trust Company, now known as the City Bank Farmers Trust Company, executed a certain trust agreement which is annexed to the agreed statement of facts. Pursuant to this trust agreement the plaintiff John U. Hussey delivered certain securities to the bank as trustee. The agreement set forth that John U. Hussey and Edmee A. Corlies were about to marry and that the purpose of the agreement was to make provision for Edmee A. Corlies, who is the plaintiff Edmee Corlies Hussey.

By the terms of the trust agreement the trustee was to pay to Edmee Corlies Hussey the income of the trust during her lifetime; upon her death the principal of the trust fund was to be distributed as she directed by will. In the event that she left no will disposing of the principal of the trust, it was to be paid over to the creator of the trust, John U. Hussey, if living; if not living, it was to be paid to his next of kin *according to the laws of the State in which he resided at the time of his death.*

On or about November 27, 1931, the plaintiffs, as creator and beneficiary under this trust, executed an instrument in writing

which, in substance, is a revocation in part of the trust agreement and a request that defendant, as trustee, deliver to the plaintiffs a part of the principal of the trust. This instrument was delivered to the defendant on or about January 16, 1932. The defendant contends that while it is willing to comply with the demand of the plaintiffs, its legal right to permit the partial revocation of the trust has been questioned by its counsel, and for that reason, upon receipt of the written revocation referred to, the defendant refused to comply with the demand of the plaintiffs. The defendant claims that the trust is not revokable and is in full force and effect. No part of the principal of the trust has been turned over by the defendant to the plaintiffs or either of them.

Paragraph 10 of the agreed statement of facts sets forth the relationship of the next of kin:

" (10) The sole issue of the plaintiff, John U. Hussey, living on January 16, 1932, were a daughter, Prudence Byrd Hussey McDaniel, who resides at 312 Pepper Avenue, Burlingame, California; a grandson, John Wynans McDaniel (a son of the said Prudence Hussey Byrd McDaniel), who resides with his said mother at 312 Pepper Avenue, Burlingame, California, and a son, Christopher Curtis Hussey, who resides with the plaintiff, John U. Hussey, at 45 Yale Street, Winchester, Massachusetts. Said Prudence Byrd Hussey McDaniel was born on October 23, 1902, is now married and has no issue except the said John Wynans McDaniel, who was born on February 14, 1931. The said Christopher Curtis Hussey was born on July 10, 1929. Neither the said Christopher Curtis Hussey nor the said John Wynans McDaniel has any general guardian."

If the plaintiff John U. Hussey should presently die, it is agreed that his two children, if they survived him, would be his next of kin according to the laws of the Commonwealth of Massachusetts. It is also agreed that if the plaintiff John U. Hussey should survive his daughter and then die, his next of kin under the laws of the Commonwealth of Massachusetts would be his son and his grandson.

The daughter of the plaintiff has not consented to the proposed partial revocation, and the son and grandson of the plaintiffs, because of their infancy, cannot consent to the revocation of the trust.

The plaintiffs contend that they are the only persons beneficially interested in the trust created by the trust agreement within the meaning of section 23 of the Personal Property Law; that they have the right to revoke, in whole or in part, the trust agreement; that the instrument dated November 27, 1931, constituted a valid

partial revocation; and that the court should render judgment directing the trustee to comply with the terms of said revocation.

The defendant maintains that the daughter of the plaintiffs and their son and grandson are persons beneficially interested within the meaning of section 23 of the Personal Property Law (added by Laws of 1909, chap. 247), and since their consent has not and, with respect to the infants, cannot be obtained, the trust may not be revoked in whole or in part. The defendant relies upon the case of *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298) as authority for the proposition that in order to revoke a trust all the next of kin that may possibly inherit must consent to the revocation. That case is not authority for such a proposition. While that case has often been cited in support of such a statement, it does not permit of any such construction. Persons who would on a certain date or presently be the next of kin of the grantor of the trust are not persons beneficially interested within the meaning of the statute unless the creator of the trust clearly expressed in the trust agreement an intention to make a gift of a remainder over to those persons.

The law covering this subject has been very concisely stated in *Schwartz* v. *Fulton Trust Co.* (119 Misc. 831), where Mr. Justice McAvoy said: " While the declaration asserts a vesting of interest, if what is attempted to be granted and conveyed is not an estate recognized by the laws regulating personal property in this State, there can be no vested or contingent estate transferred, and hence no beneficial interest. Estates are either those in possession or in expectancy. Obviously this proposed grant is that of the latter class. It is purposed to make the grant contingent upon the happening of an event, to wit, the death of the settlor without a designation of appointees to take the corpus. The terms of the instrument grant nothing more than the law would give if the same contingency should eventuate, because the personal property on the death of the settlor would be distributed among her next of kin according to New York law in the absence of a testamentary disposition or appointment. These persons, whoever they may be at death, have no more interest now than they had without this instrument. They may be defeated by a will under the instrument. They could have been deprived of intestate succession without this instrument's creation of a condition. They are persons now unknown and unknowable. *Nemo est hæres viventis.*"

In *Corbett* v. *Bank of New York & Trust Co.* (229 App. Div. 570) a trust of personal property provided for the payment of net income to the plaintiff during life, and to his wife if she survived him, and upon her death the principal of the trust was to

be paid under her will or under the law applicable in case of intestacy, and in the event that the wife predeceased the plaintiff, then upon his death the trust was to be paid under his will or the laws applicable in case of intestacy. In that case the court said: " The trust relates to personal property only, and the question presented is whether the plaintiff when he served notice of revocation had procured the consents of all persons beneficially interested in the fund. It is urged on his behalf that he and his wife are the only persons who have any beneficial interest, as no remainder interest is created by the trust deed; and further, if there be such beneficial interest outstanding, it is only in those persons who answer the description of the next of kin of the plaintiff and of his wife at the date when the revocation was attempted and the consents procured and delivered. * * *

" In the *Whittemore* case the decision was based upon the fact that certain children then living, and who were next of kin, had not consented and could not consent to the revocation of the trust. Therefore, under the statute the trust could not be revoked as to them, at least. In the case before us all parties now ·interested have consented. The *Whittemore* case did not hold that those interested as next of kin could not be determined until the death of either party, as is here contended. The implication there is to the effect that if the children had not been minors and had consented, the trust could have been revoked. Nothing contained in that decision affects the rule that it is only those who have a vested or contingent interest at the time of the revocation whose consent· must be obtained. This condition has been complied with in the submission before us."

The court then directed judgment in favor of the plaintiff who sought to have the trust revoked.

In *Berlenbach* v. *Chemical Bank & Trust Co.* (235 App. Div. 170, at p. 173) the court said: " Examining the indenture here, we find that the only contingency upon which some one other than plaintiff could acquire an interest, would be his death prior to the expiration of the twenty-year period. In making himself the sole beneficiary for twenty years, and providing that then the estate return to him, if he be then living, and not giving the trustee full control over the investments of the fund, it is obvious that he erected this trust for his own benefit. If the grantor had intended to strip himself of all rights and to create a remainder in his next of kin which could be divested only by the exercise of the power of appointment, he would have omitted some of those provisions and inserted such as would unmistakably have so stated. His intent was that the property was to return to the donor if he live long

enough, and if not, that it should then go to his legatees or next of kin, and that in either event it would go as his property. The next of kin would take by descent and not by purchase. No remainder was created. This case is governed by decisions of this court in *Stella* v. *New York Trust Co.* (224 App. Div. 50) and *Franklin* v. *Chatham Phenix National Bank & Trust Co.* (234 id. 369). The next of kin have an expectancy, but no estate."

In *Franklin* v. *Chatham Phenix National Bank & Trust Co.* (234 App. Div. 369) the court said: " It is apparent from an examination of this trust agreement that the children of the plaintiffs or other persons now unknown or not yet in being, have absolutely no beneficial interest in the trust fund, since the entire income is to be paid directly to the plaintiffs and at the end of the trust period the principal thereof is to be turned over to plaintiffs. It is only in the event of the death of either or both parties to the agreement before the expiration of the trust period that there is a possibility of an interest in the trust fund being created in persons other than the plaintiffs. In that event, it has been provided that the share of the deceased shall be paid into his or her estate and each of the plaintiffs has retained the absolute right to dispose of his or her share by will. This appears to be a complete answer to the contention of the defendant that the children of the plaintiff have such an interest in the trust that they must join in a revocation thereof."

At the present time no known person except the plaintiffs has any beneficial interest in the trust fund, the absolute power of disposition having been given to the wife of the donor with power to dispose of the principal at her death. Upon her failure to do so, the trust fund is to be paid over to her husband, if living, and if dead, it is to be distributed " among those persons who at the time would be the next of kin of the said " John U. Hussey " according to the laws of the State in which " he " may be a resident at the time of his death." The plaintiffs, therefore, are the only persons whose consent to revoke this trust, in whole or in part, is necessary.

There should be judgment for the plaintiffs, without costs.

Judgment directed for the defendant, with costs. Settle order on notice.