AUSTEN FOX BEAM, Plaintiff, v. CENTRAL HANOVER BANK AND TRUST COMPANY, Defendant.

First Department, May 29, 1936.

*Edward I. Cullen* of counsel [*Thomas J. Kavanagh* with him on the brief; *Beam & Cullen,* attorneys], for the plaintiff.

*Albert B. Maginnes* of counsel [*Leonard A. Blue* with him on the brief; *Larkin, Rathbone & Perry,* attorneys], for the defendant.

GLENNON, J. This submission of a controversy is presented to us for decision in the first instance pursuant to sections 546 and 547 of the Civil Practice Act.

The plaintiff seeks a judgment revoking a deed of trust. The defendant, while entirely willing to comply with plaintiff's demand for revocation, doubts its legal right to do so, and will not consent thereto without a judicial determination that the trust is revocable with the consent of the persons who would be entitled to share in the estate of the plaintiff if he were now to die intestate.

On July 16, 1929, plaintiff, Austen Fox Beam, executed a deed of trust whereby he transferred certain personal property to the Central Hanover Bank and Trust Company as trustee. The pertinent provisions of the deed of trust are as follows: " 1. The Trustee shall hold and administer the trust estate, and shall receive and collect the income therefrom, and shall pay over the annual net income received to the Grantor in each year during his life, in equal quarterly instalments. Upon the death of the Grantor, the Trustee shall transfer, assign and pay over the principal of the trust estate to such persons and upon such estates, in trust or otherwise, as the Grantor may by last will and testament validly limit and appoint, or to the extent that the Grantor shall have failed to make valid testamentary appointment of the whole or any part of the trust estate, the Trustee shall transfer, assign and pay over the same to the heirs at law of the Grantor."

While the expression " heirs at law " was used by the settlor in the clause quoted, it is quite apparent from the context that it was the intent of the settlor to direct the trustee in the event of a failure to make valid testamentary appointments, to pay over the fund, consisting as it did of personal property, to those who would be entitled to take as distributees pursuant to the provisions of the Decedent Estate Law.

On the 9th day of March, 1936, plaintiff served upon the defendant trustee a written notice of demand for, and a consent to, revocation of the deed of trust. Plaintiff's wife, Blanche S. Beam,

to whom he was married in 1911, and Olive Dorothy Beam, an unmarried daughter over twenty-one years of age, " are the only persons who would be entitled, under the laws of the State of New York, to share in the distribution of the personal property of the plaintiff were he now to die intestate."

On the 9th day of March, 1936, " plaintiff delivered to the defendant a consent to the revocation of the said deed of trust, duly signed and acknowledged by plaintiff's wife, Blanche S. Beam,   *   *   *   and a consent to the revocation of the said deed of trust, duly signed and acknowledged by plaintiff's only child, Olive Dorothy Beam."

Plaintiff claims that pursuant to section 23 of the Personal Property Law, the deed of trust " being of personal property and he being the only person beneficially interested in the trust created thereby, can be revoked by him without the consent of any other person or persons." The correctness of plaintiff's position in this respect can be determined only from the wording of the deed of trust studied in connection with the specific provisions of section 23 of the Personal Property Law as construed and limited by a line of decisions in this court and in the Court of Appeals.

We hold that it was the intention of the settlor, under the clause quoted, to make a complete disposition of the trust estate. The settlor reserved to himself the income during his life and the right to dispose of. the principal by will. He then provided, however, that to the extent that he failed to make a valid testamentary appointment of the whole or any part of the principal, " the Trustee shall transfer, assign and pay over the same to the heirs at law of the Grantor." In other words, subject only to his right to dispose of the principal by his last will and testament, the grantor made a full and formal disposition of the principal which amounted to a gift to a class of persons designated as his heirs at law. (*Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298, and *Schoellkopf* v. *Marine Trust Co.*, 267 id. 358.)

We find no evidence in the deed of trust of an intention on the part of the settlor to retain a reversion such as there was in *Berlenbach* v. *Chemical Bank & Trust Co.* (235 App. Div. 170, 173; affd., 260 N. Y. 539). In that case this court expressed the opinion that the intent of the settlor was " that the property was to return to the donor if he live long enough, and if not, that it should then go to his legatees or next of kin, and that in either event it would go as his property." We cannot accede, therefore, to the claim of plaintiff that he is the only person beneficially interested under the deed of trust, and is, therefore, entitled to have it revoked upon his demand and sole consent.

What we have said thus far, however, does not dispose of the main question which is to be determined upon this submission. We have noted that the plaintiff's wife and daughter have given their formal consents to the revocation of the trust indenture. Who are " beneficially interested " in the trust? In our opinion, the only persons who are beneficially interested within the meaning of section 23 of the Personal Property Law are the settlor, his wife and daughter. The section reads as follows: " Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

There has been no decision, so far as we have been able to find, by the Court of Appeals of this State to the effect that unborn " heirs at law " who may never come into being are beneficially interested in a trust within the meaning of this section in such a way as to prevent a revocation of the trust indenture. It was the apparent purpose of the Legislature in enacting section 23 to permit a revocation of an otherwise irrevocable trust upon the fulfillment of the conditions therein outlined. We should not construe the statute so as to deprive a settlor of the privilege granted simply because at some future date there may be other " heirs at law " than those in being at the time of a demand for revocation. In the *Whittemore* and *Schoellkopf Cases* (*supra*) it appeared that there were infants in being who lacked the capacity to consent. Here, the only ones other than the settlor who have a present claim on the estate are the wife and the daughter. There may or there may not be other heirs born at some future date. We do not think that we should construe the statute or extend the principle of the cases to cover such a contingency. There are at least three decisions by this court to the effect that under section 23 only the consent of persons in being is required. In *Thatcher* v. *Empire Trust Co.* (243 App. Div. 430) Mr. Justice McAvoy said:

" Section 23 of the Personal Property Law has been construed to require the consent only of those persons who have a present beneficial interest, and the mere possibility that at some time in the future the class may be opened to let in other possible beneficiaries does not require their consent, as all that is necessary is that those shall consent who would take if the trust were terminated at that moment.

".The plaintiff, having procured the consents of his wife, his daughter and her husband, there being no other next of kin of either himself, his wife or his daughter, or who would answer to the description of next of kin in the event of their respective deaths on the date when the revocation of the trust was attempted, the revocation duly complied with the provisions of section 23 of the Personal Property Law." To the same effect are *Cram* v. *Walker* (173 App. Div. 804) and *Corbett* v. *Bank of New York & Trust Co.* (229 id. 570).

Accordingly, we direct judgment for the plaintiff permitting the revocation of the trust, but without costs as is provided in the stipulation.

MARTIN, P. J., and McAVOY, J., concur; UNTERMYER, J., dissents and votes to direct judgment for defendant.

DORE, J. (concurring). The intention of the settlor under this trust instrument, properly construed, was not to create a remainder in his heirs at law but to retain a reversion in the settlor of the trust. The trust, therefore, is revocable under section 23 of the Personal Property Law, and, accordingly, I concur in the result reached by the majority of the court. The heirs at law in this case acquired through the trust instrument no estate at all, at most an expectancy, more accurately a mere hope, *spes successionis* (*Matter of Parsons*, L. R. 45 Ch. Div. 51, 55), which may be barred by will. In solving the question whether there is any remainder, a distinction must be made between gifts to the heirs of the holder of a particular estate and gifts to the heirs of the grantor. "A man cannot either by conveyance at the common law, by limitation of uses, or devise, make his right heir a purchaser." (*Pibus* v. *Mitford*, [1674] 1 Vent. 372.) This principle was quoted with approval in *Doctor* v. *Hughes* (225 N. Y. 305, 311, 312) in which the Court of Appeals said: "The reservation of a reversion is not inconsistent with the creation of a trust to continue until the death of the reversioner [citing cases]. We do not say that the ancient rule survives as an absolute prohibition limiting the power of a grantor. * * * But at least the ancient rule survives to this extent, that to transform into a remainder what would ordinarily be a reversion, the intention to work the transformation must be clearly expressed."

Here there is no clear expression of such purpose.

Judgment, therefore, should be directed in favor of the plaintiff, without costs.

UNTERMYER, J. (dissenting). I dissent for the reasons stated and upon the authorities cited in *Davies* v. *City Bank Farmers Trust Co.* (248 App. Div. 380), decided simultaneously herewith. It is only necessary to add that the rights of unborn heirs under section 23 of the Personal Property Law do not, in my opinion, require decision at this time. It is true, of course, that no difficulty will arise if the grantor's wife and daughter should survive him. There is, however, the possibility that they may predecease the grantor and that, even if no persons are meantime born having any interest in the trust, others *now living* will at the time of his death constitute his heirs. Those others, undetermined at this time, would be entitled to object to the revocation of the trust without their consent. Although the agreed statement of facts makes no specific reference to relatives of the grantor other than the wife and daughter, it is obvious, I think, that if the wife and daughter should predecease the grantor, he would necessarily have other heirs at law however remote they might be (Dec. Est. Law, art. 3), or at least that there is a strong presumption to that effect.

There should accordingly be judgment for the defendant.

Judgment directed in favor of the plaintiff, without costs. Settle order on notice.