HAZEL A. DAVIES (Formerly HAZEL ISMAN), Also Known as PHYLLIS ALDEN, Plaintiff, v. CITY BANK FARMERS TRUST COMPANY, as Trustee under Trust Agreement Dated January 21, 1924, Made by HAZEL ISMAN (Also Known as PHYLLIS ALDEN), Defendant.

First Department, May 29, 1936.

*Wilberforce Sully, Jr.,* of counsel [*Flynt & Sully,* attorneys], for the plaintiff.

*Edward M. Cameron, Jr.,* of counsel [*W. Meade Keller* with him on the brief; *Mitchell, Taylor, Capron & Marsh,* attorneys], for the defendant.

O'MALLEY, J. This submission of controversy presents generally the question as to whether plaintiff has made a valid revocation of a trust agreement pursuant to section 23 of the Personal Property Law. More specifically we are called upon to decide whether plaintiff, as settlor, after setting up a life trust for her own benefit, retained a reversion or created a remainder in others; and if a remainder was created, whether all those beneficially interested have consented to the revocation.

Under date of January 21, 1924, the plaintiff created a trust, making the defendant's predecessor the trustee. At the time the trust was made the plaintiff was, and still is, domiciled within this State. The trust property was, and still is, personalty and has at all times been physically located within this State. The defendant is a domestic corporation.

Under the terms of the agreement the income from the trust was to be paid to the plaintiff during her lifetime. Upon her death the principal was to go " to such person or persons as may be specifically appointed to receive the same by last will and testament of the Settlor, duly executed by her and subsequently duly admitted to probate, or if, no such specific appointment be so made,

to the residuary legatee or legatees named by such Last Will and Testament of the Settlor and in default of such specific appointment, or residuary disposition, to the person or persons who would have been entitled to take the same if the Settlor had then died, owning and possessed of the Trust Property, a resident of the State of New York and intestate, in the same proportions, if to several persons, in which such property, in that case, would have been received by and distributed among them."

The revocation delivered to the defendant on February 20, 1936, was executed by plaintiff as settlor and to it were attached consents of her husband and brother, persons who, if she had died on such date intestate a resident of this State, would have taken her estate.

Whether the settlor made a gift of a remainder or merely created a reversion presents a question of intention as expressed in the instrument creating the trust. (*Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298, 302, 303.)

In the instrument before us we are of opinion that there is a clearly expressed intention on the part of the settlor to reserve the balance of the interest in the property in herself after the life estate. Section 39 of the Real Property Law defines a reversion as " the residue of an estate left in the grantor or his heirs, or in the heirs of a testator, commencing in possession on the determination of one or more particular estates granted or devised." It is also provided by section 102 of the Real Property Law: " Interest remaining in grantor of express trust. Where an express trust is created, every legal estate and interest not embraced in the trust, and not otherwise disposed of, shall remain in or revert to, the person creating the trust or his heirs."

These sections apply though the corpus of the fund here is personalty and not realty. (Pers. Prop. Law, § 11; *National Park Bank* v. *Billings*, 144 App. Div. 536, 541; affd. on opinion below, 203 N. Y. 556.)

Had the settlor herein merely created the life estate for her own benefit and made no further provision, the balance of the estate at her death would have been part of her estate and passed by her last will and testament or under the laws relating to intestacy. (*Pomroy* v. *Hincks*, 180 N. Y. 73; *Nearpass* v. *Newman*, 106 id. 47.)

Here, the words of limitation respecting the disposition of the balance after the cessation of the life estate merely provide for the same disposition as would have occurred had the words not been used. The settlor directed that the balance of the estate was to go (1) to a specific appointee in her will; or (2) to pass under

the residuary clause therein; or (3) according to the laws of this State relating to intestacy.

This evinces an intention to reserve in the settlor the balance of her estate after the cessation of the beneficial life estate. There was thus created not a remainder, but a limitation or a reversion. (*Doctor* v. *Hughes*, 225 N. Y. 305; *Livingston* v. *Ward*, 247 id. 97; *Cruger* v. *Union Trust Co.*, 173 App. Div. 797.)

The plaintiff, therefore, is the sole person beneficially interested and her consent alone was necessary to revoke the trust agreement. (*Berlenbach* v. *Chemical Bank & Trust Co.*, 235 App. Div. 170; affd., 260 N. Y. 539; *Schoellkopf* v. *Marine Trust Co.*, 267 id. 358, 363.)

It follows, therefore, that judgment should be directed in favor of the plaintiff, but without costs.

MARTIN, P. J., McAVOY and DORE, JJ., concur; UNTERMYER, J., dissents and votes to direct judgment for defendant.

UNTERMYER, J. (dissenting). I dissent upon the ground that this trust, the provisions of which differ in no substantial respect from the trusts under consideration in *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298); *Schoellkopf* v. *Marine Trust Co.* (267 id. 358), and *Hussey* v. *City Bank Farmers Trust Co.* (236 App. Div. 117; affd., 261 N. Y. 533), creates a remainder in those persons who would take the corpus if the grantor should die intestate, a resident of the State of New York. That remainder may be defeated by the grantor's last will and testament. It may not be defeated by an instrument of revocation during life. Not only does that conclusion follow from the cases cited, but it follows also from the fact that the grantor has expressly retained the power of disposition by will. If it was her intention to retain a reversion, then it is difficult to understand why she should have inserted this superfluous provision. The grantor has parted with the entire estate to the trustee, reserving, if I am correct, only the right to the income for life and the power of disposition by will. Therefore, upon her death those persons to whom the estate may be distributable will take by purchase under the trust agreement and not by inheritance through her. It is not decisive that the same persons would take by inheritance as may take by purchase. The difficulties, however, become intensified here since it may happen that the grantor will die a resident of a State having different laws relating to the distribution of property in cases of intestacy whereby a different class of persons would inherit than under the laws of the State of New York, which, by express provision, control the devolution of the corpus of the trust.

If it be true that the grantor's next of kin acquired an interest in the principal of the trust, then it seems to me to follow that the consents of the grantor's husband and brother are insufficient to accomplish a revocation. Although these are the only persons who would constitute the grantor's next of kin if she had died at the moment of revocation, the persons now living who will be next of kin when the interest vests upon her death, are necessarily undetermined at this time. Those persons have not consented and, since the class is indeterminate (*Moore* v. *Littel*, 41 N. Y. 66), cannot consent to revocation. That question also was presented and, in language not to be misunderstood, was decided in the *Schoellkopf* case. There it was held that the consents of the settlor's sons, constituting the settlor's next of kin at the time of revocation, were insufficient in the absence of the consents of infant grandchildren and great grandchildren of the settlor living at that time. For identical reasons the consents of the grandchildren and great grandchildren would have been insufficient since, if they too had predeceased the settlor, their interest would have vested in more remote relatives.

Section 23 of the Personal Property Law, in my opinion, was not intended to permit the destruction of any estate which had previously been recognized as such, but only to make possible the termination of a trust upon consent of every interested party where formerly that was not permissible. (See Chaplin on Suspension of the Power of Alienation [3d ed.], §§ 222–263, and cases cited.) Consequently, if the grantor intended to retain a right of revocation of such a trust, it should have been reserved.

Judgment should, therefore, be directed in favor of the defendant.

Judgment directed in favor of the plaintiff, without costs. Settle order on notice.