Max Robert Engel, Plaintiff, *v.* Guaranty Trust Company of New York, as Trustee under a Certain Trust Agreement Made by Max Robert Engel Dated January 31, 1934, Defendant.

First Department, May 3, 1938.

*Hugo Pollock*, for the plaintiff.

*I. Howard Lehman* of counsel [*Mortimer Brenner*, with him on the brief; *Cook, Nathan, Lehman & Greenman*, attorneys], for the defendant.

Cohn, J. The question involved is whether under section 23 of the Personal Property Law the trust of personal property created by plaintiff on January 31, 1934, has been validly revoked by him.

Under date of January 31, 1934, plaintiff, a resident of the State of New York, of full age and then married to Margaret V. Engel, executed a trust agreement with defendant Guaranty Trust Company of New York, under the terms of which he delivered to defendant certain personal property in trust. The agreement provided that the trustee should pay plaintiff the net income so long as he lived. It then provided as follows: " Upon the death of the Grantor, the trust shall terminate and the principal thereof shall be paid to Margaret V. Engel, wife of the Grantor, provided she survive the

Grantor. In the event that the said Margaret V. Engel shall not survive the Grantor, then upon the death of the Grantor the principal of said trust shall be paid over and delivered to such person or persons and in such amount or amounts as may be validly provided by the Grantor in such Last Will and Testament of his as may be duly admitted to probate, but if the Grantor shall die without making valid provision for the distribution thereof by duly probated Last Will and Testament, then the principal of said trust shall be paid over and delivered to such person or persons, and in such shares, interests and proportions as the same would have been distributable if the Grantor had been the owner thereof at the time of his death and had died intestate."

The deed of trust also provided that the trustee is required to pay to the grantor from the principal of the trust fund, upon written request therefor, a sum or sums aggregating not more than $15,000. By another provision of the agreement the grantor is also accorded the right of increasing the principal of the trust fund at any time.

On November 27, 1936, plaintiff presented to the trustee his demand for a revocation of the trust, accompanied by consents thereto executed by Margaret V. Engel, and by James Mack Engel, who is the brother, and described as " the only present next of kin of the plaintiff." Concededly he is the only person living who, under the intestacy laws of the State of New York, would be entitled to share in the distribution of the personal property of plaintiff were the latter at this time to die intestate. Margaret V. Engel and plaintiff are now divorced.

The controversy submitted for determination is whether upon these facts plaintiff is entitled to judgment revoking the trust agreement and directing defendant to deliver to him the assets of the trust upon payment of its lawful commissions and expenses.

In this State, a trust in personal property completely created and reserving no power of revocation may not be revoked without the written consent of all persons beneficially interested in the trust. (Pers. Prop. Law, § 23; *Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298; *McKnight* v. *Bank of New York & Trust Co.*, 254 id. 417.)

It is plaintiff's contention that under the deed of trust the settlor and Margaret V. Engel are the only persons beneficially interested in the trust. It is urged that it was the intention of the settlor to set up a life trust for himself, a remainder to his wife if she survived him, and a reversion to himself should she die before he did. The consent of the so-called sole next of kin, James Mack Engel, is unnecessary as it is claimed that he has no beneficial interest in the trust.

Defendant argues that the trust is irrevocable; that it cannot be revoked solely upon consent of Margaret V. Engel or even upon the consent of Margaret V. Engel and James Mack Engel; that plaintiff has disposed of all his interest in the estate and, therefore, cannot revoke without obtaining the consent of all ultimate distributees, including those who are yet unborn or presently unascertainable; that at plaintiff's death there may be persons other than James Mack Engel who will have a beneficial interest in plaintiff's trust.

The trust agreement, in our opinion, clearly evinces an intention on the part of the settlor to set up a life trust for himself, a remainder to Margaret V. Engel, if she survive him, and to retain a reversion in himself should she predecease him. It is specifically provided that upon the settlor's death " the trust shall terminate and the principal thereof shall be paid to Margaret V. Engel, wife of the Grantor, provided she survive the Grantor." She has thus acquired a remainder by the trust instrument and she takes as a purchaser and not by limitation. Beyond this gift to his former wife, plaintiff intended to make no disposition of his estate. The agreement also provides that if Margaret V. Engel shall not survive the settlor then plaintiff retains the life income for himself until his death and upon his death the principal is to be paid as provided in his last will and testament. If there be no will, then the principal " shall be paid over and delivered to such person or persons, and in such shares * * * as the same would have been distributable if the Grantor had been the owner thereof at the time of his death and had died intestate." Plaintiff's direction that in the default of testamentary disposition, the laws of intestacy are to take their usual course, appears to be a superfluous direction to distribute the principal according to law; it does no more than the law itself would do if the grantor died intestate. The grant gives nothing to the next of kin by way of remainder; the grantor retains a reversion in himself subject only to the remainder to his wife should she die before he does.

It has been repeatedly held that a trust to pay the income thereof to the grantor, and the principal upon his death to his next of kin or to those who would take in intestacy, unless otherwise appointed by the grantor's will, effects merely a reversion in the grantor and the next of kin acquire no remainder. (*Berlenbach* v. *Chemical Bank & Trust Co.*, 235 App. Div. 170; affd., 260 N. Y. 539; *Whittemore* v. *Equitable Trust Co.*, 162 App. Div. 607; *Davies* v. *City Bank Farmers Trust Co.*, 248 id. 380; *Cagliardi* v. *Bank of N. Y. & Trust Co.*, 230 id. 192; *Stella* v. *New York Trust Co.*, 224 id. 50; *Cruger* v. *Union Trust Co.*, 173 id. 797.) In *Doctor* v. *Hughes* (225 N. Y. 305) the

Court of Appeals decided that a trust of real property to pay the income to the grantor and the principal upon his death to his heirs at law created merely a reversion in the grantor and the heirs acquired no remainder. The court there said (at p. 312): " To transform into a remainder what would ordinarily be a reversion, the intention to work the transformation must be clearly expressed."

In *Berlenbach* v. *Chemical Bank & Trust Co.* (*supra*, at p. 172) this court said: " As ' no one is heir to the living ' (*Doctor* v. *Hughes, supra,* 313), the rule is that a grant to one's next of kin creates a reversion in the grantor and gives nothing to the next of kin by way of remainder unless there be unambiguous and unequivocal language indicating a contrary intent."

Defendant asserts that the present case bears a close resemblance to the case of *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298), where it was held that the settlors of a trust had completely divested themselves of all interest in the trust fund by the use of language similar to that employed in the present instrument. However, in the *Whittemore* case, unlike the case at bar, there was no intention on the part of the settlors to retain control of the trust principal. The life income of the trust fund was not retained by the settlors *but it was paid over to beneficiaries other than the settlors themselves.* Upon the death of any of the settlors, the life beneficiaries continued to receive the income from the trust until their death and *even beyond the lives of the settlors.* The corpus of the fund reverted to the settlors and their next of kin only upon the death of both beneficiaries. The Court of Appeals in interpreting that trust instrument declared that, reading the instrument as a whole, it clearly demonstrated an intention on the part of the creators of the trust to completely dispose of their estate. The court in an opinion by Judge CRANE said (at p. 302): " In such circumstances, where it fairly appears that intention would be promoted by that construction, words which create a remainder in the next of kin of the life beneficiary should also create a remainder in the next of kin of the settlor of the trust when the provision is for them. This is all a matter of intention. The creator of a trust can do as he pleases with his property and the courts look to his words to guide them in decisions. The directions come from the owner of the property and not from the law, unless there be some specific statute to be enforced. To determine, therefore, whether the settlor of the trust in this case simply created a life interest and nothing more, reserving to himself the balance of the interest in the property, we looked to his intention, as expressed in the instrument. *If the trust deed had said that upon the death of the life beneficiary the net principal of the trust estate was to be paid*

*over and delivered to the settlor or his next of kin in equal shares, the addition in this place of the words ' next of kin,' would not have been sufficient in all probability to create a remainder.. Rather it would indicate that the settlor intended all above a life interest to remain with him as a reversion to be disposed of in any way he pleased. The words would indicate a limitation, not a gift. (Whittemore v. Equitable Trust Co., 162 App. Div. 607; Doctor v. Hughes, 225 N. Y. 305.)"* (Italics ours.)

It will be observed that in the italicized portion of the opinion just quoted the court indicated that, if the trust estate upon the death of the life beneficiary were to be paid over to the settlor or his next of kin, such language would have indicated an intention on the part of the settlor to retain a reversion above the life interest. It is important to note that the court cited the so-called first *Whittemore* case (162 App. Div. 607), where the court had before it a trust instrument which set forth a situation not unlike that found in the present case.

Generally, a direction to the trustee of a trust fund to deliver the principal at the termination of the life estate to the appointees or heirs of a life beneficiary *other than to the settlor* has been held to indicate an intention on the part of the settlor to create a remainder. (*Hussey v. City Bank Farmers Trust Co.*, 236 App. Div. 117; affd., 261 N. Y. 533; *Corbett v. Bank of New York & Trust Co.*, 229 App. Div. 570.) So, too, with respect to a direction to deliver the principal of the trust fund to persons other than those who would take if the grantor died intestate, or to a limited class of the grantors' heirs at law, or next of kin. (*Crackanthorpe v. Sickles*, 156 App. Div. 753; *Court v. Bankers' Trust Co.*, 160 N. Y. Supp. 477; affd., 172 App. Div. 955; affd., 221 N. Y. 608; *Gage v. Irving Bank & Trust Co.*, 222 App. Div. 92; affd., 248 N. Y. 554.) However, where, as here, the direction is to deliver the corpus of the fund upon the termination of the life interest, unless otherwise appointed by the settlor's will, to the settlor's next of kin, that is to those who would take by operation of law and not by virtue of the deed, as already pointed out, the settlor retains a reversion in the principal.

Defendant also relies upon the case of *Schoellkopf v. Marine Trust Co.* (267 N. Y. 358) in support of its claim that the trust here established a gift to the plaintiff's distributees, whose consent is necessary for revocation. In the *Schoellkopf* case, however, the court construed the trust agreement to have created a true remainder and not a reversion. There the trust agreement provided that two brothers, who were life beneficiaries but who were not the settlors, might each designate the person to whom the income should be

paid after his death in case he should survive his brother but die during the continuance of the trust. There was also, in that case, a direction to deliver the corpus of the trust fund to a limited class of the settlor's heirs at law or next of kin thus clearly indicating an intent to create a remainder. While the court held that the settlor had parted with all his title to the trust property and that those described as heirs had received a contingent remainder and had taken as purchaser under the trust instrument, in its opinion the court used the following significant language, by LEHMAN, J. (at p. 363): " If the settlor had retained a reversion which would pass upon his death to his ' heirs ' or next of kin, then no consent would be necessary from them. They would then take, if at all, not as purchasers through a beneficial right derived from the trust instrument, but through succession to the interest of the settlor and he could consent to the destruction of that interest. (*Doctor* v. *Hughes*, 225 N. Y. 305; *Livingston* v. *Ward*, 247 N. Y. 97; *Berlenbach* v. *Chemical Bank & Trust Co.*, 235 App. Div. 170; affd., 260 N. Y. 539.)"

A further indication that the grantor in the case at bar intended to retain a reversion in the principal of the trust, subject to the remainder interest of his former wife, is the provision of the agreement which gives the grantor the right to withdraw from the principal a sum or sums not exceeding, in the aggregate, $15,000. The assets of the trust fund here consist entirely of stocks and bonds. While there is no statement as to their present market value, a withdrawal of $15,000 would constitute a material invasion of the principal. Such an arrangement has been held to indicate an intent on the part of the settlor to retain a reversion. (*Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 303, *supra; Cagliardi* v. *Bank of New York & Trust Co.*, *supra.*)

In view of the provisions of the trust agreement and upon the authorities cited, we conclude that, subject only to the remainder interest of Margaret V. Engel, plaintiff has retained a reversion in the corpus of the trust estate and that he has the right to revoke this trust upon his request and upon the consent of Margaret V. Engel. It is clear that upon the grantor's death, in default of testamentary disposition, this estate under the terms of the trust indenture would pass to his next of kin who would take not as purchasers but through succession to the interests of the settlor. Their consent to revocation is accordingly unnecessary. The consent to revocation given by James Mack Engel is superfluous, as he has no beneficial interest in this trust. The only persons who are beneficially interested within the meaning of section 23 of the Personal Property Law are the settlor and Margaret V. Engel.

Their written consents to the revocation have been procured. This was a full compliance with the provisions of section 23 of the Personal Property Law and the revocation is in all respects valid and effectual.

Judgment is directed for the plaintiff, but without costs.

MARTIN, P. J., O'MALLEY, DORE and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff, without costs. Settle order on notice.