**ADRIANCE v. HIGGINS, Collector of Internal Revenue.**

No. 323.

Circuit Court of Appeals, Second Circuit.

Aug. 2, 1940.

Sheppard & Seipp, of New York City, (Henry G. Seipp, of New York City, of counsel),. for appellant.

John T. Cahill, U. S. Atty., of New York City (Samuel Brodsky, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This action is for a refund of estate taxes paid by the plaintiff-appellant as administrator c.. t. a. of the will of John S. Adriance, who died in January, 1934. The disputed taxes are based upon the inclusion in the gross estate of the testator of the principal of two inter vivos trusts set up by him in 1923 and 1912, respectively, and upon the disallowance of a deduction of the estimated expenses on the final account in one of the trusts to be had after the death of the life tenant.

### The 1923 Trust.

Under the trust created by the decedent in 1923 it was provided that the income of the corpus, comprising all the property, real and personal, which he then had or might thereafter acquire, should be paid to him during his lifetime and the principal and any unpaid income thereof should be transferred and delivered "to such person or persons as may be lawfully entitled thereto, whether as heirs and next of kin of the * * * party of the first part or personal representatives or devisees or legatees under and by virtue of any Last Will and Testament of the * * * party of the first part."

The question regarding the 1923 trust is whether the corpus in which the decedent had an equitable life estate and over which he had a testamentary power of appointment is taxable under Section 302 (d) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts page 228.

Section 302 provides that. the gross estate of a decedent "shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \*

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or other-

wise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth."

■ The taxpayer argues that the enjoyment of the corpus was not subject at the date of the settlor's death to change through the exercise of a power to "alter" or "amend" because the power to appoint by will was reserved in the trust itself. This argument is fallacious, for only by a provision embodied in a trust instrument can there be any power "to alter, amend or revoke" it. The interpretation advocated would defeat the purpose of Section 302 (d) and indeed leave its provisions both ineffectual and meaningless. It can make no difference whether a trust deed reserves a power to amend the trust by an inter vivos instrument, or by a will, or by both. In either case the devolution of the corpus after the expiration of the life estate will be altered through the exercise of a power, as was done here.

The other attack upon the inclusion of the corpus of the trust in the taxable estate is based on the contention that such inclusion depended on Section 302 (d) of the Revenue Act of 1926, enacted three years after the trust of 1923 was set up and made retroactive in its application by Section 302 (h). It is argued that such a retroactive application violates the Fifth Amendment of the Constitution of the United States. To sustain this position the taxpayer strongly relies on Helvering v. Helmholz, 296 U.S. 93, 56 S.Ct. 68, 80 L. Ed. 76. But there the Commissioner sought to tax the entire principal of the trust, in which a power of appointment by will, reserved to the settlor in the trust instrument, was limited to creating a life estate after the termination of her own. No question was raised about the taxation of the subject of that limited power of appointment and the opinion of the Supreme Court did not discuss whether it was taxable. Accordingly, Helvering v. Helmholz, supra, did not decide that retroactive taxation of a transfer effected through the exercise of a testamentary power of appointment reserved to the settlor of a trust was unconstitutional. The principal subject of

consideration was whether the reserved right to revoke the trust by an instrument to be executed by the settlor and other beneficiaries having adverse interests constituted a power to revoke within the meaning of Section 302 (d) and the court held that upon the facts presented the corpus was not subject to taxation because the provision for revocation by consent of all the beneficiaries was not a power within the meaning of Section 302 (d) and because a tax could not be laid retroactively on the corpus of a trust where revocation could only be effected by the consent of parties other than the settlor, who had interests adverse to a revocation. Helvering v. Helmholz, 296 U.S. 93, 98, 56 S.Ct. 68, 80 L.Ed. 76.

■ Our decisions in Commissioner v. Chase National Bank, 2 Cir., 82 F.2d 157, certiorari denied 299 U.S. 552, 57 S.Ct. 15, 81 L.Ed. 407; Kimball v. Commissioner, 2 Cir., 71 F.2d 1011, certiorari denied 293 U.S. 607, 55 S.Ct. 123, 79 L.Ed. 698; Witherbee v. Commissioner, 2 Cir., 70 F.2d 696, and Porter v. Commissioner, 2 Cir., 60 F.2d 673, 675, affirmed 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880, all sustain the tax on the corpus which the Commissioner assessed. In the case at bar the settlor had seven years after Sections 302 (d) and 302 (h) were enacted within which to renounce his power of appointment. Hence, in taxing the corpus, under our decisions last mentioned there was no violation of the Fifth Amendment. Moreover, even if it be assumed, as the taxpayer argues, that the settlor could not by filing with the trustee a release in favor of his heirs and next of kin, or by some other act of renunciation, terminate his powers of amendment and revocation, nevertheless he had a power to do these things that required no concurrence of others, as did the power in Helvering v. Helmholz, supra. The subject of the power, the exercise of which would take effect on his death, was, therefore, taxable. Porter v. Commissioner, 288 U.S. 436, 444, 53 S.Ct. 451, 77 L.Ed. 880; Reinecke v. Trust Co., 278 U.S. 339, 346, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397.

### The 1912 Trust.

On February 21, 1912, the decedent John S. Adriance made a contract with his wife for the settlement of marital differences in which they agreed that each should live separate from the other during the remainder of their lives and that

neither should have any rights in the property of the other and neither should contest the will of the other or, upon the death of the other, should claim anything from his or her estate. Under the contract the husband paid to the wife $15,000 and agreed to pay her $4,500 annually during her life in monthly instalments of $375. She agreed that these provisions were sufficient for her support and maintenance. The contract went on to create a trust and to provide that:

"As security for such payment the party of the first part simultaneously herewith assigns, transfers and delivers to the Trustee * * * named the following * * * securities (the receipt whereof is hereby acknowledged by the Trustee), to-wit:

$45,000 par value, 5%, Sinking Fund bonds of the United States Steel Corporation.

5,000. So. Rway. Co. 1st Cons. 5% Gold bonds maturing 1944.

$50,000. par value Great Northern-Northern Pacific Collateral Trust 4% bonds, maturing 1921."

The agreement also provided that the trustee should make the monthly payments to the wife from the income of the trust "so far as the income will pay the same" and that any deficiency in said income be made up by him. He also agreed to maintain the trust fund "at all times at the fair market value of $100,000", and the wife, in consideration of the foregoing, agreed to discharge him from all further liability for her support and maintenance. The monthly payments were to be made by the trustee without reduction for expenses or compensation of the latter. Upon the death of the wife the trustee was at once to pay over the trust fund to the husband "or if he shall then be dead, to his legal representatives."

Taxation of the Interest of the Decedent in the 1912 Trust Fund.

■ The future estate in the corpus of the trust of $100,000 reserved for the decedent on the death of his wife "or if he shall then be dead, to his legal representatives" was the practical equivalent of a reservation to himself. The reversion which he had thus created was his property, fully taxable under Section 302 (a), which provides for taxation of the gross estate "to the extent of the interest therein of the decedent at the time of his death." City Bank Farmers Trust Co. v. Miller,

278 N.Y. 134, 15 N.E.2d 553; Doctor v. Hughes, 225 N.Y. 305, 122 N.E. 221; Davies v. City Bank Farmers Trust Co., 248 App.Div. 380, 288 N.Y.S. 398. As Cardozo, J., remarked in Doctor v. Hughes (225 N.Y. at page 313, 122 N.E. at page 223): "There is no adequate disclosure of a purpose in the mind of this grantor to vest his presumptive heirs with rights which it would be beyond his power to defeat."

■ It is argued, however, that the interest reserved by the settlor is a contingent interest since an estate was limited to the "legal representatives", and that under Helvering v. Hallock, 309 U.S. 106, 60 S. Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, the reserved interest can be taxed only if Section 302 (c) applies. That section provides for taxation: "To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *" The appellant says that the reversion cannot be taxed because the transfer was in effect "a bona fide sale for a full and adequate consideration in money or money's worth", because of the wife's surrender of her marital rights on creation of the trust. But the contention that the wife gave any consideration in return for her husband's retention of a future estate in himself (or in his legal representatives) would be fantastic. Whatever consideration she furnished was only in return for the promised annuity and the equitable life estate created for her benefit. That consideration was her release of dower and of other rights in her husband's property and of her claim for support. But we have held that a release of dower and of the right to support are not adequate considerations "in money or money's worth" within the meaning of the section allowing deductions in computing the amount of an estate subject to tax, Meyer's Estate v. Commissioner, 2 Cir., 110 F.2d 367; Helvering v. United States Trust Co., 2 Cir., 111 F.2d 576, and are not disposed to recede from the position taken in those decisions.

From the foregoing it is plain that the corpus of the trust created in 1912 may be taxed under Section 302 (a) as a reversion, or under Section 302 (c) as an in-

terest of which the decedent made a transfer by trust "intended to take effect in possession or enjoyment at or after his death."

## Taxation of the Equitable Life Estate of the Decedent's Widow in the 1912 Trust.

The taxpayer claims a deduction from the gross estate of a sum equal to the value of the widow's remaining life estate in the trust as computed at the time of his death. While this contention may seem reasonable prima facie, it cannot, in our opinion, be sustained. The trust was created as security for the payment of the $4,500 annuity. The annuity was in return for a release of dower and other marital rights including the right to support. The husband had agreed to pay any deficiency of income of the trust which might be required to make good the annuity and the trust agreement provided in terms that the transfer of the securities constituting the corpus was made "as security for such payment."

It is well . settled that the full value of securities pledged by a decedent to secure a debt must be included in computing his estate for taxation. City Bank Farmers Trust Co. v. Bowers, 2 Cir., 68 F.2d 909, certiorari denied 292 U.S. 644, 54 S.Ct. 778, 78 L.Ed. 1495; Rodiek v. Helvering, 2 Cir., 87 F.2d 328. To be sure the debt for which securities are pledged may in the ordinary case be deducted, but here the claim was derived from the right of the wife to support. The promise to pay her the annuity, based on such a consideration, did not give rise to a deductible claim, for it was not an obligation "contracted * * * for an adequate and full consideration in money or money's worth" as those words have been defined. Property pledged to secure such a claim surely cannot be deducted.

In determining the property of a decedent liable to estate taxes we cannot distinguish between a pledge and a trust if the trust is set up only for the purpose of securing an obligation to pay an annuity. While the, title to the security is in the decedent's estate in the case of a pledge and in the trustee in case of a trust created as security, a formal difference ought not to affect the tax result. We hold with the court below that the present value of the widow's equitable life estate is not deductible on the assessment of the trust for taxation.

## Deduction of Court Costs and Attorneys' Fees Payable by the Trustee on Final Distribution of the 1912 Trust Fund.

The District Judge disallowed the taxpayer's claim for the deduction of the present worth of the estimated amount of court costs and attorneys' fees which will have to be paid at the termination of the trust. The estimated amount was $1,186.26. We think that this item was properly rejected as a deduction.

In disallowing the item the court chiefly relied on our decision in Bretzfelder v. Commissioner, 2 Cir., 86 F.2d 713, where we held that the commissions of a trustee of a testamentary trust, earned after the death of the decedent, were not deductible as "expenses of administration" and that "expenses of administration" are limited to expenses incurred by an executor or administrator in settling his estate. In the present case the Commissioner has allowed the estimated present value of commissions to be paid to the trustee of the 1912 trust but challenges the right to deduct the present worth of anticipated court costs and attorneys' fees. Though it is hard to justify the allowance of commissions, the Commissioner has not appealed as to that item so it is not before us for review. We can see no distinction between the right to deduct future trustee's commissions, court costs or attorneys' fees, whether they represent claims against a trust set up by the decedent in his lifetime or against a trust which he has created by will.

In the case at bar each claim is essentially against the decedent's property and each claim arises out of a settlement of marital differences for which the widow furnished no consideration "in money or money's worth". Accordingly, under our decision in Meyer's Estate v. Commissioner, 2 Cir., 110 F.2d 367, the court costs and attorneys' fees cannot be deducted.

Judgment affirmed.